ORIGINAL

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

ECF Case

---------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION PENSION FUND,

                Plaintiff,

- against -

RODAR ENTERPRISES, INC.,

                Defendant.

---------------------------------------------x

Civil Action No.

07 CIV. 7083

COMPLAINT

BRIEANT

*[Stamps: FILED 2007 AUG -9, S.D. OF N.Y., U.S. DISTRICT COURT, W.P.]*

      **PLAINTIFF, ADRIAN HUFF** (Plaintiff), as Chairman of the Board of Trustees of **TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION PENSION** (Fund), by his attorneys, **SAPIR & FRUMKIN LLP**, as and for his Complaint, alleges as follows:

### NATURE OF THE CASE

      1.    This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§ 1001-1461 (1982). Plaintiff seeks a judgment for immediate full payment of the withdrawal liability as a result of the withdrawal by the defendant, Rodar Enterprises, Inc. (Defendant), from the Fund.

### JURISDICTION

      2.    This Court has subject matter jurisdiction of the claim brought by the Fund pursuant to §§ 4301(c) and 502(e)(1) and (f) of ERISA, 29 U.S.C. §§ 1451(c) and 1132(e)(1) and (f).

### VENUE

      3.    The Southern District of New York is the proper venue for the Fund's claim pursuant to §§ 4301(d) and 502(e)(2), 29 U.S.C. §§ 1451(d) and 1132(e)(2). Where an action is brought

under §§ 4301 and 502 of ERISA, 29 U.S.C. §§ 1451 and 1132, in a district court of the United States, it may be brought, at Plaintiff's discretion, in the district where the plan is administered, where the defendant resides, does business, or may be found, or where the breach took place, and process may be served in any district where a defendant resides, does business, or may be found. The Fund, on whose behalf Plaintiff brings this action, is administered in this district from its principal place of business in Newburgh, New York, and process is being served where Defendant does business. Thus, venue is properly grounded with this Court.

## THE PARTIES

4. The Fund is an "employee pension benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2)(A) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

5. The Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

6. The Fund is a third-party beneficiary under a collective bargaining agreement (CBA) pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

7. The Fund was established by its Declaration of Trust (Trust Agreement) and pursuant to a CBA entered into between Local Union No. 445, International Brotherhood of Teamsters of annexed AFL-CIO (Local 445 or the Union), and certain employers and employer associations whose employees are or were covered by the CBA.

8. Plaintiff Adrian Huff is Chairman of the Fund. Plaintiff is a "fiduciary" with respect to the Fund as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Plaintiff is empowered to bring this action on behalf of the Fund pursuant to §§ 4301(a)(1) and (b) and

502(a)(3) of ERISA, 29 U.S.C. §§ 1451(a)(1) and (b) and 1132(a)(3).

9. The Fund is maintained and administered at its office in Newburgh, Orange County, New York, in accordance with and pursuant to ERISA, 29 U.S.C. §§ 1001, *et seq.*, the Trust Agreement, which established the Fund, and also pursuant to the terms and provisions of the CBA.

10. Upon information and belief, and at all times material hereto, Defendant was and is an "employer" within the meaning of § 501(3) of the LMRA, 29 U.S.C. § 142(3), and § 2(2) of the National Labor Relations Act, as amended, 29 U.S.C. § 152(2), and §3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in commerce, in an industry affecting commerce, within the meanings of §§ 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

11. Upon information and belief, and at all times material hereto, Defendant was and is a for-profit corporation having its principal place of business at 240 Van Wagner Road, Poughkeepsie, New York 12603, and is authorized to do business in New York.

12. Upon information and belief, and at all times material hereto, Defendant employed employees who were represented for the purposes of collective bargaining by the Union, a labor organization representing employees in an industry affecting interstate commerce.

13. Defendant was a party to a CBA with the Union, was a participating employer in the Fund under the terms of the CBA, and was obligated to and did make contributions to the Fund on behalf of its employees covered under the CBA.

## STATEMENT OF FACTS

14. In or around the year 2005, Defendant permanently ceased to have an obligation to contribute to the Fund and effected a complete withdrawal from the Fund within the meaning of § 4203(a) of ERISA, 29 U.S.C. § 1383(a).

15. By reasons of the premises aforesaid and § 4201 of ERISA, 29 U.S.C. § 1381, the Defendant is indebted to the Fund for the "withdrawal liability" as determined by methods set forth in § 4211 of ERISA, 29 U.S.C. 1391.

16. On or about October 23, 2006, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1), the Fund sent a "Demand for Payment of Withdrawal Liability" to Defendant advising that the Fund had determined that the Defendant had effected a complete withdrawal from the Fund in or around the year 2005 and requesting Defendant to pay a withdrawal liability of $438,669.85. The letter also notified Defendant that, in accordance with §§ 4219(c)(1)(E)(2) and (3) of the MPPAA, Defendant's withdrawal liability was payable to the Fund in 80 equal quarterly installments, each in the amount of $9,924.60, and that the first payment was due by December 15, 2006.

17. On or about October 26, 2006, Defendant acknowledged receipt of the October 23, 2006 Notice and Demand for Payment.

18. Defendant failed to remit payment in full of its total withdrawal liability remaining due, or remit its first (1st) quarterly installment payment, in the amount of $9,924.60, due December 15, 2006.

19. On or about January 26, 2007, the Fund notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its first (1st) quarterly installment payment, in the amount of $9,924.60, within sixty (60) days after receiving the late-payment notice letter. In addition, the Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed herein would entitle the Fund to demand from Defendant immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability

from the due date of the first payment which is untimely paid.

20.     Despite the Fund's notice to Defendant of its overdue withdrawal liability payments, Defendant failed to remit the overdue payments.

21.     On or about March 1, 2007, Defendant notified the Fund that it retained new counsel in the matter.

22.     On or about March 12, 2007, the Fund once again notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its first (1st) quarterly installment payment, in the amount of $9,924.60, within sixty (60) days after receiving the late-payment notice letter. In addition, the Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed herein would entitle the Fund to demand from Defendant immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid.

23.     Despite the Fund's notice to Defendant of its overdue withdrawal liability payments, Defendant failed to remit the overdue payment.

## AS AND FOR A CLAIM FOR RELIEF

24.     The Fund realleges each and every allegation contained in paragraphs "1" through "23" of this Complaint, as if fully set forth herein.

25.     Defendant is in default under § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). Section 4219(c)(5) provides that a default of payment of withdrawal liability occurs upon an employer's failure to make any payment when due and not cured by the employer within sixty (60) days after the employer receives written notification from the plan sponsor of such failure.

26. On January 26, 2007 and March 12, 2007, the Fund forwarded the requisite Notice of Default to the Defendant advising that, unless its delinquency was cured within sixty (60) days, the entire amount of withdrawal liability would be accelerated and due and payable pursuant to § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

27. To date, no curing payment has been received from the Defendant, and the sixty (60) day period for cure has elapsed.

28. Since the sixty (60) day period elapsed prior to the date of this Complaint and Defendant failed to cure the default, Plaintiff seeks Judgment for the entire amount of outstanding withdrawal liability due under its demand, plus accrued interest pursuant to § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

29. A copy of this complaint will be served upon Defendant by certified mail as required by § 4301(g) of ERISA, 29 U.S.C. § 1451(g).

**WHEREFORE**, Plaintiff requests the following relief:

A. Entry of judgment requiring Defendant to make immediate payment of the entire amount of the assessed withdrawal liability to the Fund, pursuant to § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), less any quarterly payments received from Defendant;

B. Entry of judgment requiring Defendant to pay to the Fund interest on the delinquent quarterly withdrawal liability payments not paid when due at rates prescribed under § 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621 and/or the rates pursuant to §§ 4219(c)(5) and (6), 29 U.S.C. §§ 1399(c)(5) and (6);

C. Entry of judgment requiring Defendant to pay to the Fund liquidated damages, pursuant to §§ 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), equal to the

greater of:

        i.     The accrued interest on the delinquent quarterly withdrawal liability payments not paid when due at the time of judgment, or

        ii.     An amount equal to twenty percent (20%) of the amount of delinquent quarterly withdrawal liability payments not paid when due at the time of judgment;

    D.     Entry of judgment requiring Defendant to pay the Fund reasonable attorneys' fees and costs of this action as permitted by §§ 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e); and

    E.     Such other relief as this Court deems proper.

Dated: White Plains, New York
       August 8, 2007

Respectfully submitted,
**SAPIR & FRUMKIN LLP**

By: _____
William D. Frumkin (WF2173)
Attorneys for Plaintiff, Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Construction Division Pension Fund
(914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Rodar Enterprises\Withdrawal Liability\Complaint\Complaint.wpd\dp