UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION
PENSION FUND,

                                        Plaintiff        ANSWER

          -against-                                          Civil Action No.
                                                                  07 CIV. 7083

RODAR ENTERPRISES, INC.,

                                        Defendant
-------------------------------------------------------------------X

       Defendant, RODAR ENTERPRISES, INC., (hereinafter, the "Defendant"), by its attorney, LAW OFFICES OF EDMUND V. CAPLICKI, JR., as and for their Answer to the above-captioned action by Plaintiff, ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION PENSION FUND ("Plaintiff" or "Fund"), state as follows:

**ANSWERING "NATURE OF CASE"**

       1.     The allegations contained in Paragraph "1" of the Complaint are conclusions of law and therefore require no response. To the extent Defendant is required to respond, it denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "1" of the Plaintiff's Complaint.

**ANSWERING "JURISDICTION"**

       2.     The allegations contained in Paragraph "2" of the Complaint are conclusions of law and therefore require no response. To the extent Defendant is required to respond, it denies knowledge for information sufficient to form a belief as to each and every allegation contained in Paragraph "2" of the Plaintiff's Complaint.

## ANSWERING "VENUE"

3.     Denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph "3" of the Complaint, excepts admit upon information and belief that the Fund's principal place of business is located in Newburgh, New York, and Plaintiff's principal place ob business is located in Dutchess County, New York.

## ANSWERING "THE PARTIES"

4.     The allegations contained in Paragraph "4" of the Complaint are conclusions of law and therefore require no response.  To the extent Defendant is required to respond, it denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph "4" of the Complaint.

5.     The allegations contained in Paragraph "5" of the Complaint are conclusions of law and therefore require no response.  To the extent Defendant is required to respond, it denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph "5" of the Complaint.

6.     The allegations contained in Paragraph "6" of the Complaint are conclusions of law and therefore require no response.  To the extent Defendant is required to respond, it denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph "6" of the Complaint.

7.     The allegations contained in Paragraph "7" of the Complaint are conclusions of law and therefore require no response.  To the extent Defendant is required to respond, it denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph "7" of the Complaint.

8. The allegations contained in Paragraph "8" of the Complaint are conclusions of law and therefore require no response. To the extent Defendant is required to respond, it denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph "8" of the Complaint.

9. The allegations contained in Paragraph "9" of the Complaint are conclusions of law and therefore require no response. To the extent Defendant is required to respond, it admits the Fund is located in Newburgh, Orange County, New York, and denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph "9" of the Complaint.

10. Admits upon information and belief the allegations contained in Paragraph "10" of the Complaint.

11. Admits the allegations contained in Paragraph "11" of the Complaint.

12. Denies the allegations contained in Paragraph "12" of the Complaint, except admits at certain times Defendant employed employees who were represented for the purposes of collective bargaining by Teamsters Local 445.

13. Admits the allegations contained in Paragraph "13" of the Complaint.

### ANSWERING "STATEMENT OF FACTS"

14. Denies the allegations contained in Paragraph "14" of the Complaint.

15. Denies the allegations contained in Paragraph "15" of the Complaint.

16. Defendant admits that the Fund sent Defendant a letter, but Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph "16" of the Complaint.

3

17.     Defendant admits it received a letter from the Fund, but denies upon information and belief, that it owes any money to the Fund.

18.     Defendant admits that it did not remit any payment to the Fund, and denies, upon information and belief, that it had any obligation to remit any requested monies to the Fund.

19.     Admits that Defendant did receive correspondence from the Fund, but denies, upon information and belief, that it had any withdrawal liability with the Fund, and further denies knowledge or information sufficient to form a belief to the truthfulness of the allegations contained in Paragraph "19" of the Complaint.

20.     Admits that Defendant did not remit certain payments to the Fund, but denies upon information and belief, that it was liable for said payments for withdrawal liability.

21.     Admits the allegations contained in Paragraph "21" of the Complaint.

22.     Admits Defendant received correspondence from the Fund, but denies upon information and belief that it owes any money to the Fund for withdrawal liability, and Defendant further denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph "22" of the Complaint.

23.     Admits that payments were not made to the Fund, but denies upon information and belief that Defendant had any withdrawal liability monies to the Fund.

### ANSWERING "AS AND FOR A CLAIM FOR RELIEF"

24.     Defendant repeats and realleges each and every response set forth in Paragraphs "1" through "23" of this Answer as if fully set forth herein.

25.     Denies the allegations contained in Paragraph "25" of the Complaint.

26.     Admits the Fund sent correspondence to the Defendant, but denies upon information and belief that the Defendant owes any withdrawal liability monies to the Fund.

27.     Admits the allegations contained in Paragraph "27" of the Complaint, but denies that Defendant owes any withdrawal liability to the Fund.

28.     Denies the allegations contained in Paragraph "28" of the Complaint.

29.     Admits the allegations contained in Paragraph "29" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30.     The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31.     Defendant has at all times acted in good faith in its decisions concerning the Plaintiff, and in compliance with all relevant statutes and regulations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32.     Plaintiff unilaterally improperly and unlawfully refused to collectively bargain with Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33.     Plaintiff unilaterally improperly and unlawfully refused to provide Defendant with employees.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34     Defendant is, and has been ready, willing and able to meet with Plaintiff to negotiate a collective bargaining agreement covering its employees.

**AS ANF FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

35.     Defendant did not effectuate a complete withdrawal from the Fund.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

36.     Plaintiff's claims are barred by the equitable doctrines of estoppel, laches and waiver.

**AS AND FOR A EIGHTH**
**AFFIRMATIVE DEFENSE**

37.     Plaintiff failed to exhaust its administrative remedies.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

38.     The claims set forth in the Complaint should be dismissed, or in the alternative, this Court should stay this action pending an arbitration proceeding to determine whether or not Defendant effectuated a complete withdrawal from the Fund.

**WHEREFORE**, Defendant, RODAR ENTERPRISES, INC., respectfully requests entry of a judgment dismissing the Complaint in its entirety, and granting said Defendant such other and further relief as to the Court deems just and proper, together with costs, disbursements and reasonable attorney's fees.

Dated: Lagrangeville, New York
       September 17, 2007

                            LAW OFFICES OF EDMUND V. CAPLICKI, JR.

                        By:   *Edmund V. Caplicki, Jr.*
                                EDMUND V. CAPLICKI, JR. (6896)
                                *Attorney for Defendant Rodar Enterprises, Inc.*
                                P.O. Box 15
                                1133 Route 55, Suite E
                                Lagrangeville, New York  12540
                                (845) 483-0983

TO:   WILLIAM D. FRUMKIN, ESQ.
       SAPIR & FRUMKIN LLP
       *Attorneys for Plaintiff*
       399 Knollwood Road, Suite 310
       White Plains, New York  10603
       (914) 328-0366