UNITED STATES DISTRICT COURT　　　　　　　　　　　　　　　　　ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of Trustees
of TEAMSTERS LOCAL 445 CONSTRUCTION
DIVISION PENSION FUND,

         Plaintiff,      Civil Action No. 07 Civ. 7083
                    (CLB)(LMS)

  - against -

RODAR ENTERPRISES, INC.,

         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
# MOTION FOR SUMMARY JUDGMENT


                Sapir & Frumkin LLP
                Attorneys for Plaintiff
                399 Knollwood Road, Suite 310
                White Plains, New York 10603
                (914) 328-0366

*On the Brief*:

  William D. Frumkin, Esq.
  William F. Cusack III

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    POINT I

        THIS COURT MUST GRANT SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF BECAUSE DEFENDANT FAILED TO PAY INTERIM WITHDRAWAL LIABILITY PAYMENTS IRRESPECTIVE OF ANY DISPUTE BY DEFENDANT REGARDING THE FACT OR AMOUNT OF ASSESSED WITHDRAWAL LIABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.    Standard for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.    The MPPAA Requires That Judgment Be Entered When a Properly Noticed Party Fails to Make Interim Payments . . . . . . . . . . . . . . . . . . . . . 6

    POINT II

        PLAINTIFF IS ENTITLED TO INTEREST, LIQUIDATED DAMAGES, ATTORNEY'S FEES AND COSTS ON UNPAID INTERIM WITHDRAWAL LIABILITY PAYMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

*Cases*

*Trs. of the Amalgamated Ins. Fund v. Steve Petix Clothier Inc.*, 2004 U.S. Dist. LEXIS 418 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 118 S.Ct. 542, 139 L. Ed. 2d 553 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Bd. of Trustees v. Thompson Bldg. Materials, Inc.*, 749 F.2d 1396, 1400 (9th Cir. 1984) *cert. den.* 471 U.S. 1054, 105 S. Ct. 2116, 85 L. Ed. 2d 481 (1985) . . . . . . . . . . . . . . . . . . . . . . 8

*Bowers on behalf of NYSA-ILA Pension Trust Fund v. Trans. Maritima Mexicana, S.A.*, 901 F.2d 258, 263 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Caleb v. Smith & Son, Inc. v. Amalgamated Ins. Fund*, 1991 U.S. Dist. LEXIS 13903 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Central States Pension Fund v. Lady Baltimore Foods, Inc.*, 960 F.3d 1339 (7th Cir. 1992) . . . 9

*DeSantis v. Deutsche Bank Trust Co. Ams., Inc.*, 501 F. Supp. 2d 593 (S.D.N.Y. 2007) . . . . . . . 6

*I.L.G.W.U. Nat'l Ret. Fund v. ESI Group, Inc.*, 2002 U.S. Dist. LEXIS 8614 (S.D.N.Y. 2002) *aff'd I.L.G.W.U. Nat'l Ret. Fund v. Meredith Gray, Inc.*, 2003 U.S. App. LEXIS 26271 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

*I.L.G.W.U. Nat'l Ret. Fund v. Vaco Holding Co.*, 950 F.Supp. 598 (S.D.N.Y. 1997) . . . . . . . . 7

*Nat'l Pension Plan of the UNITE HERE Workers Pension Fund v. Swan Finishing Co.*, 2006 U.S. Dist. LEXIS 28281 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Nat'l Pension Plan of the UNITE HERE Workers Pension Fund v. Westchester Lace & Textiles, Inc.*, 2006 U.S. Dist. LEXIS 49845 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*NYSA-ILA Pension Trust Fund by & Through Capo v. Lykes Bros.*, 1997 U.S. Dist. LEXIS 11869 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

*Rao v. Prest Metals*, 149 F.Supp. 1 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Ret. Fund of Fur Mfg. Industry v. Getto & Getto, Inc.*, 1989 U.S. Dist. LEXIS 9190
(S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ret. Fund of Fur Mfg. Indus. v. Strassburg and Tama, Inc.*, 1989 U.S. Dist. LEXIS 8988
(S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**_Statutes_**

29 U.S.C. § 1104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 1132(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

29 U.S.C. § 1381 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

29 U.S.C. §§ 1381(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 1382 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. §§ 1382(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

29 U.S.C. § 1383(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 1391 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

29 U.S.C. § 1399 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 1399(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 9

29 U.S.C. § 1399(b)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

29 U.S.C. § 1399(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

29 U.S.C. § 1401(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

29 U.S.C. § 1401(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

29 U.S.C. § 1401(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

29 U.S.C. § 1451 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 1451(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Federal Rules of Civil Procedures*

Fed.R.Civ.P. R. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed.R.Civ.P. R. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Other Authorities*

50 Fed.Reg. 34 (Sept. 19, 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

51 Fed.Reg. 22 (June 20, 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# I. PRELIMINARY STATEMENT

Plaintiff Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Construction Division Pension Fund (Plaintiff), commenced this action for collection of interim withdrawal liability payments with interest thereon, plus liquidated damages, attorney's fees and costs against defendants in the above-captioned action. Plaintiff now moves for summary judgment against defendant Rodar Enterprises, Inc. (Defendant) for monies owed to Plaintiff pursuant to the Employee Retirement Income Security Act (1974) (ERISA), as amended by the Multiemployer Pension Plan Amendments Act (1980) (MPPAA), 29 U.S.C. §§ 1001 *et seq.*.

Pursuant to the MPPAA, 29 U.S.C. § 1381, employers who have withdrawn from a multiemployer pension plan are obligated to make payment of their pro rata share of the plan's unfunded vested liability. Once the multiemployer pension plan has determined that the employer has withdrawn, it must assess withdrawal liability against the employer. Thereafter, the plan is required to notify the withdrawing employer of the amount of the liability and demand the payment from the employer in accordance with a schedule of liability payments. 29 U.S.C. §1399(b)(1)(A). Notwithstanding any challenge raised by the employer to the withdrawal liability assessed, the employer is strictly obligated to make payments of interim withdrawal liability payments. 29 U.S.C. § 1399(c)(2).

In the instant case, although Teamsters Local 445 Construction Division Pension Fund (the Fund) complied with its statutory obligation to send to Defendant the notice and demand for withdrawal liability payments, in full or interim withdrawal liability installments, Defendant (who received the Fund's notice and demand), failed or refused to make any interim withdrawal liability payments. In accordance with § 4219(c)(5) of the MPPAA and the Fund's plan rules and

regulations, upon the Defendant's failure or refusal to pay its withdrawal liability payments in accordance with the payment schedule, the Fund sent and Defendant received a written default notice which required Defendant to make payment of the assessed withdrawal liability to avoid serious legal consequences resulting from the continued failure to make payment. *See* 29 U.S.C. § 1399(c)(5). Despite its statutory obligation to make withdrawal liability payments, Defendant disregarded the law and failed to make <u>any</u> interim withdrawal liability payment owed to the Fund. *See* 29 U.S.C. §§ 1399(c), 1401(d).

Defendant has no legally defensible position, either in law or equity, which can excuse its withdrawal liability payment obligation. Therefore, Defendant may not rely on its dispute of whether (1) the Local Union No. 445, International Brotherhood of Teamsters of annexed AFL-CIO (the Union) refused to negotiate a collective bargaining agreement with Defendant or (2) Defendant did not effectuate a complete withdrawal from the Fund in order to avoid the clear mandate of the MPPAA requiring payment of interim withdrawal liability payments until the matter had been resolved. *See* 29 U.S.C. § 1401(d).

Since Defendant has not paid <u>any</u> interim withdrawal liability payments owed to the Fund and has no excuse or justification for its failure to make withdrawal liability payments in violation of the MPPAA, the Fund is entitled to summary judgment against Defendant.

## II. STATEMENT OF FACTS

Defendant entered into and was subject to a collective bargaining agreement (CBA) with the Union wherein it was obligated to make contributions to the Fund, which is a third-party beneficiary under the CBA entered into by and between Defendant and the Union. *See* Trucking Agreement between the Union and Defendant, signed by Robert Sherwood, President of Defendant, on October

2, 2003, attached as Exh. 1 to the Declaration of William D. Frumkin Esq. In Support of Plaintiff's Motion For Summary Judgment (hereinafter Fumkin Decl.). The Fund determined that, in or about the year 2005, Defendant completely withdrew from the Fund because it had permanently ceased to have an obligation to contribute to the Fund. *See* Correspondence, dated October 23, 2006, from William D. Frumkin, Esq., to Defendant, attached as Exh. 2 to Frumkin Decl. As a result of Defendant's complete withdrawal from the Fund, the Fund assessed withdrawal liability against Defendant in the amount of $438,669.85. *Id*.

On or about October 23, 2006, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1), the Fund sent a "Demand for Payment of Withdrawal Liability" to Defendant advising that the Fund had determined that the Defendant had effected a complete withdrawal from the Fund in or around the year 2005 and requesting Defendant to pay a withdrawal liability of $438,669.85. *Id*. The letter also notified Defendant that, in accordance with §§ 4219(c)(1)(E)(2) and (3) of the MPPAA, Defendant's withdrawal liability was payable to the Fund in eighty equal quarterly installments, each in the amount of $9,924.60, and that the first payment was due by December 15, 2006. *Id*. On or about October 26, 2006, Defendant acknowledged receipt of the October 23, 2006 Notice and Demand for Payment. *See* correspondence, dated October 26, 2006, from Lee David Klein, Esq., to William D. Frumkin, attached as Exh. 3 to Frumkin Decl.; See Defendant's Answer, dated September 17, 2007, at ¶ 16, attached as Exh. 5 to Frumkin Decl. Defendant failed to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, due December 15, 2006.

On or about January 26, 2007, the Fund notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, within sixty days after receiving the late-payment notice letter. *See* correspondence, dated January 26, 2006, from William D. Frumkin, Esq., to Lee David Klein, Esq., attached as Exh. 4 to Frumkin Decl. In addition, the Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed therein would entitle the Fund to demand from Defendant immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid. *Id*. Defendant acknowledged receipt of the January 26, 2007 notice of overdue withdrawal liability payment. *See* Frumkin Decl., Exh. 5, ¶ 19. Despite the Fund's notice to Defendant of its overdue withdrawal liability payments, Defendant failed to remit <u>any</u> overdue payments.

On or about March 1, 2007, Defendant notified the Fund that it retained new counsel in the matter. *See* correspondence, dated March 1, 2007, from Edmund V. Caplicki, Jr., Esq., to William D. Frumkin, Esq., attached as Exh. 6 to Frumkin Decl. On or about March 12, 2007, the Fund notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, within sixty days after receiving the late-payment notice letter. *See* correspondence, dated March 12, 2007, from William F. Cusack III, Esq., to Edmund V. Caplicki, Esq., attached as Exh. 7 to Frumkin Decl. In addition, the Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed herein would entitle the Fund to demand from Defendant immediate payment of the outstanding amount

of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid. *Id*. Defendant acknowledged receipt of the March 12, 2007 notice of overdue withdrawal liability payment. See Frumkin Decl., Exh. 5, ¶ 22. Despite the Fund's notice to Defendant of its overdue withdrawal liability payments, Defendant failed to remit <u>any</u> overdue payments.

To date, Defendant has failed or refused to remit payment in full of its total withdrawal liability remaining due, or remit <u>any</u> installment payments.[1]

### III. ARGUMENT

### POINT I

**THIS COURT MUST GRANT SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF BECAUSE DEFENDANT FAILED TO PAY INTERIM WITHDRAWAL LIABILITY PAYMENTS IRRESPECTIVE OF ANY DISPUTE BY DEFENDANT REGARDING THE FACT OR AMOUNT OF ASSESSED WITHDRAWAL LIABILITY**

**A.     Standard for Summary Judgment**

Summary judgment may be granted to a moving party on its application "if the pleadings, depositions, answers to the interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure (Fed.R.Civ.P.) R. 56(c). "When the moving party has asserted facts which demonstrate that the non-moving party's claim cannot be sustained, the opposing party must 'set forth specific facts showing that there is a genuine issue for trial,' and cannot rest on 'mere allegations or denials' of the facts asserted by the movant." Fed.R.Civ.P. R. 56(e); *NYSA-ILA Pension Trust Fund by & Through Capo v. Lykes Bros.*, 1997 U.S. Dist. LEXIS

---

[1] Additionally, Defendant failed to properly request arbitration and waived its right to arbitration when it failed to timely and properly request review as explained more fully in footnote 2, *infra*.

11869, *9 (S.D.N.Y. 1997). "The role of the court is not to weigh the evidence and decide the truth, but rather to determine whether or not there exists a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). "If the evidence is merely colorable. . .or is not significantly probative, summary judgment may be granted" to the moving party. *See Id.*; *DeSantis v. Deutsche Bank Trust Co. Ams., Inc.*, 501 F. Supp. 2d 593, 598 (S.D.N.Y. 2007).

> **B.** **The MPPAA Requires That Judgment Be Entered When a Properly Noticed Party Fails to Make Interim Payments**

The MPPAA, which was enacted by Congress to protect the financial solvency of multiemployer pension plans, requires most employers who withdraw from underfunded multiemployer pension plans to pay "withdrawal liability." *See* 29 U.S.C. § 1381; *I.L.G.W.U. Nat'l Ret. Fund v. ESI Group, Inc.*, 92 Civ. 0597, 2002 U.S. Dist. LEXIS 8614, *10 (S.D.N.Y. May 15, 2002), *aff'd I.L.G.W.U. Nat'l Ret. Fund v. Meredith Gray, Inc.*, 2003 U.S. App. LEXIS 26271 (2d Cir. Dec. 24, 2003); *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 196, 118 S.Ct. 542, 547, 139 L. Ed. 2d 553, 561 (1997); *Nat'l Pension Plan of the UNITE HERE Workers Pension Fund v. Swan Finishing Co.*, 2006 U.S. Dist. LEXIS 28281, *10 (S.D.N.Y. 2006) ("The purpose of withdrawal liability is to relieve the funding burden on remaining employers and to eliminate the incentive to pull out of a plan which would result if liability were imposed only on a mass withdrawal by all employers"). Withdrawal liability is termed as the employer's unfunded vested liability. It is based on the present value of the multiemployer pension plan's assets as compared to the present value of the vested pension benefits which the plan is statutorily obligated to pay to the employer's bargaining unit employees. 29 U.S.C. §§ 1381, 1391.

In light of these concerns, the framework of the MPPAA was structured to provide multiemployer pension plans with broad authority to collect withdrawal liability. *See* 29 U.S.C. §§ 1382, 1399, 1451; *ESI Group, Inc.*, 2002 U.S. Dist. LEXIS 8614, *11. Under the MPPAA, the "broad authority" granted to plan sponsors mandates the plan sponsor to determine, assess and collect withdrawal liability owed to the plan by a withdrawing employer. *See* 29 U.S.C. § 1104; *Ret. Fund of Fur Mfg. Indus. v. Strassburg and Tama, Inc.*, 88 Civ. 6034, 1989 U.S. Dist. LEXIS 8988, *3 (S.D.N.Y. Jul. 21, 1989).

An employer incurs withdrawal liability when it, *inter alia*, has permanently ceased to have an obligation to contribute under the plan. 29 U.S.C. § 1383(a); *Lykes Bros., Inc.*, 1997 U.S. Dist. LEXIS 11869 at *2-3. The withdrawal liability is assessed from the date the employer withdraws from the multiemployer plan. 29 U.S.C. §§ 1381(b), 1391; *I.L.G.W.U. Nat'l Ret. Fund v. Vaco Holding Co.*, 950 F.Supp. 598, 601-602 (S.D.N.Y. 1997).

Once the multiemployer plan has determined that an employer has completely withdrawn from the plan, the plan must then "[(1)] determine the amount of the employer's withdrawal liability; [(2)] notify the employer of the amount of withdrawal liability and the payment schedule; and [(3)] demand payment according to the schedule." 29 U.S.C. §§ 1399(b)(1); *Trs. of the Amalgamated Ins. Fund v. Steve Petix Clothier Inc.*, 2004 U.S. Dist. LEXIS 418, *7 (S.D.N.Y. 2004).

An employer which has been assessed withdrawal liability by a multiemployer plan may request that the plan review its determination of withdrawal liability 29 U.S.C. § 1399(b)(2)(A). However, once the employer has been assessed withdrawal liability by a multiemployer plan and received from the plan a timely notice of and demand for payment of the withdrawal liability, it remains obligated to pay the assessed interim withdrawal liability payments, regardless of any

challenge or dispute the employer may have to the plan's assessment. 29 U.S.C. §§ 1399(b)(2)(A), 1399(c)(2); *Amalgamated Ins. Fund*, U.S. Dist. LEXIS 418, *9 (An employer must pay the withdrawal liability on the schedule set by a plan "notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule").

Under the MPPAA, an employer who disputes a plan's assessed withdrawal liability may initiate arbitration subject to statutorily prescribed time limits. 29 U.S.C. § 1401(a)(1). However, even if an employer initiates arbitration[2], it remains obligated to pay the assessed interim withdrawal liability payments "until the arbitrator issues a final decision with respect to the determination

---

[2] Here, Defendant failed to properly request arbitration. On December 14, 2007, Defendant's attorney asked that its correspondence be considered the "client's request for arbitration on the issue of withdrawal liability." *See* Frumkin Decl., Exh. 8. On March 1, 2007, Defendant's attorney stated that his "clients are seeking arbitration of all matters and issues" regarding the withdrawal liability. *See* Frumkin Decl., Exh 6. Defendant's statement of interest in arbitration does not require Plaintiff to commence arbitration proceedings. *Rao v. Prest Metals*, 149 F. Supp. 2d 1, 8-9 (E.D.N.Y. 2001). A letter merely requesting arbitration does not formally initiate a demand for arbitration. *See Nat'l Pension Plan of the UNITE HERE Workers Pension Fund v. Westchester Lace & Textiles, Inc.*, 2006 U.S. Dist. LEXIS 49845, *19 (S.D.N.Y. 2006). Accordingly, Defendant failed to properly request arbitration.

Also, Defendant failed to follow proper procedure for requesting arbitration. On December 14, 2006, Defendant proposed that the parties agree upon using Edmund V. Caplicki, Jr., Esq., as an arbitrator in the above referenced matter. *See* Frumkin Decl., Exh. 10. First, Mr. Caplicki would not be a neutral arbitrator in the instant action because he currently represents Defendant. Second, any arbitration concerning the MPPAA must be conducted in accordance with the Pension Benefit Guaranty Corporation (PBGC) rules. ERISA § 4221(a)(2), 29 U.S.C. § 1401(a)(2). The PBGC allows the use of the American Arbitration Association (AAA) as an alternative procedure to the PBGC and most MPPAA arbitrations done to date have been conducted in accordance with the AAA rules. 50 Fed.Reg. 34,679 (Sept. 19, 1985); 51 Fed.Reg. 22,585 (June 20, 1986). As such, any arbitration in the above referenced matter must proceed through the AAA. By suggesting that the parties use Mr. Caplicki, the current legal representative of Defendant in the instant action, as an arbitrator and foregoing the arbitration rules established by MPPAA, PBGC, and AAA, Defendant failed to follow proper procedure for requesting arbitration.

Additionally, Defendant waived the right to arbitration because it failed to timely and properly request review within ninety days of the notice letter. On October 23, 2006, the Funds' notified Defendant of its withdrawal liability. *See* Frumkin Decl., Exh. 2. As a prerequisite to initiating arbitration, Defendant had to first seek review by January 22, 2007. *See* 29 U.S.C. §§ 1399 (b)(2) (A),1401(a)(1)(B); *Bd. of Trustees v. Thompson Bldg. Materials, Inc.*, 749 F.2d 1396, 1400 (9th Cir. 1984) *cert. den.* 471 U.S. 1054, 105 S. Ct. 2116, 85 L. Ed. 2d 481 (1985). On December 14, 2006, Defendant's attorney requested a "review of the issue of withdrawal liability." *See* Frumkin Decl., Exh. 8. On January 19, 2007, Defendant's attorney submitted a handwritten facsimile stating that it disputed the Funds' "calculations, based primarily upon the fact that [the Funds'] calculations are based upon inaccurate payroll information." *See* Frumkin Decl., Exh. 9. Defendant failed to properly request review when it failed to identify with specificity "any inaccuracy in the determination of the amount of the unfunded vested benefits." 29 U.S.C. § 1399(b)(2)(A)(ii); *See Westchester Lace*, 2006 U.S. Dist. LEXIS 49845, *18-19. Since Defendant failed to properly request review by January 22, 2007, a default occurred and Defendant waived its right to arbitrate the withdrawal liability. *Bowers on behalf of NYSA-ILA Pension Trust Fund v. Trans. Maritima Mexicana, S.A.*, 901 F.2d 258, 263 (2d Cir. 1990). Since Defendant failed to request review under § 4219(b)(2)(A) by January 22, 2007, Defendant failed to timely request arbitration.

8

submitted for arbitration." 29 U.S.C. §1401(d); *Amalgamated Ins. Fund*, 2004 U.S. Dist. LEXIS 418, *8-9. This statutory requirement that the employer remains obligated to make interim withdrawal liability payments sets up a "pay-first-question-later" statutory scheme. *Bay Area Laundry*, 522 U.S. 192, 196, 118 S.Ct. 542, 547, 139 L. Ed. 2d 553, 561; *Lykes Bros., Inc.*, 1997 U.S. Dist. LEXIS 11869, *3 ("As part of the MPPAA, Congress created what has been termed a 'pay-first-question-later' formula for dealing with disputes over withdrawal liability"); *Rao v. Prest Metals*, 149 F.Supp. 1, 12 (E.D.N.Y. 2001) ("ERISA is a pay-first-question-later statute in that the employer must make withdrawal liability payments regardless of whether there is a dispute as to the assessment of liability"); *see also Central States Pension Fund v. Lady Baltimore Foods, Inc.*, 960 F.3d 1339, 1341 (7th Cir. 1992) (Disputes over withdrawal liability shall be resolved by arbitration and the employer may not defer payment pending arbitration).

Only a very narrow and limited exception exists to the MPPAA's "pay-first-question-later" statutory payment scheme. *Amalgamated Ins. Fund*, 2004 U.S. Dist. LEXIS 418, *10-12. The exception exempts an employer from its obligation to make interim withdrawal liability payments if the plan's withdrawal liability claims are found to be "frivolous or not colorable." *Id.* This exception is applied only if an employer demonstrates both that a plan does not have a colorable claim against the employer and that the employer will be irreparably harmed by making interim withdrawal liability payments. *See Id.* "A claim . . . is not colorable if it is so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy." *Amalgamated Ins. Fund*, 2004 U.S. Dist. LEXIS 418, *14 (internal citation omitted).

9

Here, the Union and Defendant entered into a CBA wherein Defendant was obligated to make contributions to the Fund. In or about the year 2005, the Fund determined that Defendant permanently ceased to have an obligation to contribute to the Fund. Resultantly, the Fund assessed withdrawal liability to Defendant.

On or about October 23, 2006, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1), the Fund notified Defendant of the withdrawal liability assessment; amount of withdrawal liability; payment schedule; and Defendant's obligation to "pay-first-question-later" any issues it had with the withdrawal liability. Defendant received this notice and failed or refused to pay the withdrawal liability, either in full or in monthly payments, or request arbitration to dispute the withdrawal liability.

On or about January 26, 2007, after Defendant missed its first withdrawal liability payment, Plaintiff notified Defendant of its overdue withdrawal liability payment, that it would be in statutory default if it failed to remit payment either in full or in monthly payments within sixty days of the notice. Defendant received this notice and failed or refused to pay the withdrawal liability, either in full or in monthly payments, or request arbitration to dispute the withdrawal liability.

On or about March 1, 2007, Defendant notified the Fund that it retained new counsel in the matter. On or about March 12, 2007, the Fund once again notified Defendant of its overdue withdrawal liability payment, that it would be in statutory default if it failed to remit payment either in full or in monthly payments within sixty days of the notice. Defendant received this notice and failed or refused to pay the withdrawal liability, either in full or in monthly payments.

Defendant has failed or refused to remit payment in full of its total withdrawal liability remaining due, or remit <u>any</u> installment payments. The Fund's claim clearly involves a federal controversy so the "colorable" defense is not available to Defendant. Thus, the Fund is entitled to summary judgment against Defendant.

## POINT II

**PLAINTIFF IS ENTITLED TO INTEREST, LIQUIDATED DAMAGES, ATTORNEY'S FEES AND COSTS ON UNPAID INTERIM WITHDRAWAL LIABILITY PAYMENTS**

Under § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in addition to an award of the principal amount of unpaid interim withdrawal liability payments, Plaintiff is entitled to the interest accrued on the unpaid interim withdrawal liability payments, plus liquidated damages, costs and attorney's fees. In actions brought to compel an employer's payment of interim withdrawal liability, the employer's failure to make interim withdrawal liability payments is "treated in the same manner as delinquent contributions within the meaning of § 1145" of ERISA. 29 U.S.C. § 1451(b); *Ret. Fund of Fur Mfg. Industry v. Getto & Getto, Inc.*, 1989 U.S. Dist. LEXIS 9190, *3 (S.D.N.Y. 1989). Thus, "§ 1132(g)(2) [of ERISA] requires the award of reasonable fees and costs (as well as double interest or alternative liquidated damages, subject to specified limitations) to a prevailing fiduciary in its action for or on behalf of a plan to recover delinquent contributions under § 1145." *Caleb v. Smith & Son, Inc. v. Amalgamated Ins. Fund*, 1991 U.S. Dist. LEXIS 13903, *18 (S.D.N.Y. Oct. 2, 1991). Based on Defendant's failure to make interim withdrawal liability payments, the Fund requests that the Court award to the Fund interest on the unpaid interim withdrawal liability payments owed by Defendant to the Fund, liquidated damages, attorney's fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Fund is entitled to summary judgment against Defendant for all unpaid interim withdrawal liability payments, interest on the unpaid amount of interim withdrawal liability payments, liquidated damages, attorney's fees and costs, as well as such other and further relief as it may deem just and proper.

Dated: White Plains, New York  
       December 14, 2007

Respectfully submitted,

**SAPIR & FRUMKIN LLP**

By:   /s/ William D. Frumkin  
William D. Frumkin (WF 2173)  
Attorneys for Plaintiff  
399 Knollwood Road, Suite 310  
White Plains, New York 10603  
(914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Rodar Enterprises\Litigation\Motion for Summary Judgment\Memorandum.ECF.wpd\rlh

## **CERTIFICATE OF SERVICE**

      I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on December 14, 2007, a copy of Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

            Edmund V. Caplicki, Jr., Esq.
            Law Offices of Edmund V. Caplicki, Jr.
            P.O. Box 15
            LaGrangeville, New York 12540


      Parties may access this filing through the Court's electronic filing system


                                    /s/ Rachel L. Horton
                                    Rachel L. Horton