SAPIR & FRUMKIN LLP
ATTORNEYS AT LAW
399 KNOLLWOOD ROAD, SUITE 310
WHITE PLAINS, NEW YORK 10603
WRITER'S E-MAIL: WCusack@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN*

DANIEL T. DRIESEN^
KATHRYN E. WHITE**
EMILY A. ROSCIA
CRISTINA A. FAHRBACH**
WILLIAM F. CUSACK III

*ADMITTED IN NY & CT
**ADMITTED IN NY & NJ
^ADMITTED IN NY & MA

TEL: (914) 328-0366
FAX: (914) 682-0128

PARALEGAL
RACHEL L. HORTON

March 12, 2007

<u>*Via Facsimile and First Class Mail*</u>
*Facsimile No.: (845) 483-0938*

Edmund V. Caplicki, Jr., Esq.
Law Offices of Edmund V. Caplicki, Jr.
P.O. Box 15
LaGrangeville, New York 12540

    Re:    *Fred Smit, as Chairman of the Board of Trustees of Teamsters*
            *Local 445 Construction Division Welfare, Pension and Annuity*
            *Funds and Teamsters Local 445 Education and Training Fund v.*
            *Rodar Enterprises, Inc. and Robert Sherwood, Individually*
            *Our File No. 04-7498*

Dear Mr. Caplicki:

    We represent Local 445 Construction Division Benefit Funds (the "Funds") in the above-referenced matter. I am writing in response to your letter of March 1, 2007. Please be advised that we have requested a copy of the Funds' calculations of the withdrawal liability from the Funds' actuaries. As soon as we receive this information, we will promptly forward it to your attention.

    In the meantime, please be advised that, by our October 23, 2006 letter to Rodar Enterprises, Inc. ("Rodar") c/o Robert Sherwood, the Funds advised Rodar that, in or about 2005, it completely withdrew from the Funds. Rodar's complete withdrawal was in accordance with the Employee Retirement Income Security Act ("ERISA") § 4203, *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"). Based on its complete withdrawal, and as prescribed under MPPAA § 4211, the Funds' actuaries determined that Rodar owed withdrawal liability in the

Edmund V. Caplicki, Jr., Esq.                    -2-                              March 12, 2007

total amount of **$438,669.85**.[1] Further, the statutory scheme underlying the MPPAA obligates Rodar to "pay now and dispute later" any challenge it may claim against the withdrawal liability assessed by the Funds.[2]

### *Late-Payment Notice*

Please be advised that this letter serves as a late-payment notice to Rodar for its overdue withdrawal liability payments. Rodar failed to remit payment in full of its total withdrawal liability remaining due, or remit first (1st) monthly installment payments in the amount of $9,924.60 due on December 15, 2006. Rodar is now overdue in paying its withdrawal liability. Accordingly, Rodar shall be in statutory default if it fails to remit payment in full of its total withdrawal liability remaining due, or remit first (1st) monthly installment payment in the amounts of $9,924.60 within sixty (60) days after receiving this late-payment notice letter. In addition, Rodar's failure to pay its withdrawal liability remaining due as prescribed herein shall entitle the Funds to demand from Rodar "immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid." This will result in the filing of a lawsuit in the United States District Court.

We rely on your prompt response.

                                                        Very truly yours,

                                                        William F. Cusack III

WFC:aa

cc:   Douglas McCauley, Funds Chairman (Via First Class Mail)
      Sharon Molinelli, Funds Administrator (Via First Class Mail)
      David Kramer, Esq. (Via Hand Delivery)

F:\APPS\JCA2\WP\TEAMSTER\Rodar Enterprises\Letters\ECaplicki Default 03 12 07.wpd.jp

---

[1] The Funds reserve the right to adjust, amend, or revise Rodar's initial withdrawal liability amount or assess additional withdrawal liability against Rodar and any trades or businesses which may be under common control with Rodar in the event, but not limited to, the Funds declare a mass withdrawal, either because the Funds terminate by withdrawal of every contributing employer of Funds, or withdrawal of substantially all of the Funds' contributing employers pursuant to an agreement or arrangement to withdraw in accordance with MPPAA § 4219(c)(1)(D).

[2] *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 197, 118 S. Ct. 542, 139 L. Ed. 2d 553 (1997); *Amalgamated Ins. Fund v. Steve Petix Clothier Inc.*, 2004 U.S. Dist. LEXIS 418, *9 (S.D.N.Y. 2004).