| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | ECF Case |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
| ADRIAN HUFF, as Chairman of the Board of Trustees of<br>TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION<br>PENSION FUND, | Civil Action No. 07 Civ. 7083<br>(CLB)(LMS) |
| Plaintiff, | |
| - against - | **RULE 56.1 STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| RODAR ENTERPRISES, INC., | |
| Defendant. | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

Pursuant to Fed.R.Civ.P. R. 56.1, Plaintiff alleges as its concise Statement of Material Facts that are not in dispute, as follows:

1.  Defendant Rodar Enterprises, Inc. (Defendant) entered into and was subject to a collective bargaining agreement (CBA) with Local Union No. 445, International Brotherhood of Teamsters of Annexed AFL-CIO (the Union) wherein it was obligated to make contributions to the Teamsters Local 445 Construction Division Pension Fund (the Fund), which is a third-party beneficiary under the CBA.

2.  In or around the year 2005, the Fund determined that Defendant completely withdrew from the Fund because it had permanently ceased to have an obligation to contribute to the Fund.

3.  The Fund assessed withdrawal liability against Defendant in the amount of $438,669.85.

4.  On or about October 23, 2006, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1), the Fund sent a "Demand for Payment of Withdrawal Liability" to Defendant advising it that the Fund determined that the it had effected a complete withdrawal

from the Fund in or around the year 2005 and requesting Defendant to pay a withdrawal liability of $438,669.85. The Fund notified Defendant that, in accordance with §§ 4219(c)(1)(E)(2) and (3) of the MPPAA, Defendant's withdrawal liability was payable to the Fund in eighty equal quarterly installments, each in the amount of $9,924.60, and that the first payment was due by December 15, 2006.

5.  On or about October 26, 2006, Defendant acknowledged receipt of the October 23, 2006 Notice and Demand for Payment.

6.  Defendant did not to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, by December 15, 2006.

7.  On December 14, 2006, Defendant suggested that the parties use Edmund V. Caplicki, Jr., Esq., as an arbitrator in the instant action.

8.  Mr. Caplicki is the current legal representative for Defendant.

9.  On or about January 26, 2007, The Fund notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, within sixty days after receiving the late-payment notice letter. In addition, The Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed therein would entitle The Fund to demand from Defendant immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid.

10. Defendant acknowledged receipt of the January 26, 2007 notice of overdue withdrawal liability payment.

11. Defendant did not remit the overdue payments within sixty days of receiving the January 26, 2007 letter.

12. On or about March 1, 2007, Defendant notified the Fund that it retained new counsel in the matter.

13. On or about March 12, 2007, the Fund notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, within sixty days after receiving the late-payment notice letter. In addition, the Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed herein would entitle the Fund to demand from Defendant immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid.

14. Defendant acknowledged receipt of the March 12, 2007 notice of overdue withdrawal liability payment.

15. Defendant did not remit the overdue payment within sixty days of receiving the March 12, 2007 letter.

16.     To date, Defendant did not remit payment in full of its total withdrawal liability remaining due, or remit <u>any</u> installment payments.

| | |
|---|---|
| Dated: White Plains, New York<br>December 14, 2007 | Respectfully submitted,<br>**SAPIR & FRUMKIN LLP** |
| | By: /s/ William D. Frumkin<br>William D. Frumkin (WF 2173)<br>Attorneys for Plaintiff<br>399 Knollwood Road, Suite 310<br>White Plains, New York 10603<br>(914) 328-0366 |

F:\APPLICAT\WP\TEAMSTER\Rodar Enterprises\Litigation\Motion for Summary Judgment\Rule 56.1 Statement.ECF.wpd\rlh

## **CERTIFICATE OF SERVICE**

      I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on December 14, 2007, a copy of Rule 56.1 Statement in Support of Plaintiff's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

      Edmund V. Caplicki, Jr., Esq.
      Law Offices of Edmund V. Caplicki, Jr.
      P.O. Box 15
      LaGrangeville, New York 12540

      Parties may access this filing through the Court's electronic filing system

      /s/ Rachel L. Horton
      Rachel L. Horton