UNITED STATES DISTRICT COURT  ECF Case
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION
PENSION FUND,  Civil Action No. 07 Civ. 7083
 (CLB)(LMS)
                      Plaintiff

    -against-

RODAR ENTERPRISES, INC.,

                      Defendant
------------------------------------------------------------------------x


## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


                      Law Offices of Edmund V. Caplicki, Jr., Esq.
                      Attorney for Defendant
                      PO Box 15
                      1133 Route 55, Suite E
                      Lagrangeville, New York 12540
                      (845) 483-0983

*On the Brief:*

    Edmund V. Caplicki, Jr., Esq.

# TABLE OF CONTENTS

Contents

TABLE OF AUTHORITES .................................................................................................................. iii

PREMILINARY STATEMENT.............................................................................................................1

II. STATEMENT OF FACTS..................................................................................................................2

III.  ARGUMENT ....................................................................................................................................3

   POINT I. ..............................................................................................................................................3

      NO COMPLETE WITHDRAWAL FROM TEAMSTERS LOCAL 445 CONSTRUCTION
      INDUSTRY MULTIEMPLOYER PENSION PLAN .......................................................................3

   POINT II. .............................................................................................................................................4

      COMPLETE WITHDRAWAL DOES NOT OCCUR MERELY BECAUSE OF SUSPENSION OF
      CONTRIBUTIONS DURING LABOR DISPUTE ........................................................................4

IV. CONCLUSION...................................................................................................................................5

# TABLE OF AUTHORITES

**Statutes**

29 U.S.C. § 1001 ............................................................................................................................. 1
29 U.S.C. § 1381 ............................................................................................................................. 1
29 U.S.C §. 1383 ......................................................................................................................... 1,3

## **PREMILINARY STATEMENT**

Plaintiff Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Construction Division Pension Fund (Plaintiff), has improperly commenced an action for collection of interim withdrawal liability payments with interest thereon, plus liquidated damages, attorney's fees and costs against Defendant Rodar Enterprises, Inc. in the above captioned action.  Plaintiff now moves for summary judgment against Defendant Rodar Enterprises, Inc. for monies owed to Plaintiff pursuant to the Employee Retirement Income Security Act (1974) (ERISA), as amended by the multiemployer Pension Plan Amendments Act (1980) (MPPAA), 29 U.S.C. § 1001 et seq..

Pursuant to MPPAA, 29 U.S.C. § 1381 employers who have made a complete withdrawal from a building and construction industry multiemployer pension plan are obligated to make payment of their pro rata share of the plan's unfunded vested liability.  A complete withdrawal from a building and construction industry plan, such as the Teamsters Local 445 Construction Division Pension Plan, only occurs when the employer ceases to have an obligation to contribute under the plan, **and** the employer continues to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, **or** if the employer resumes work within five years of the date its obligations to contribute under the plan ceased.  *See* copy of ERISA Section 4203 (29 U.S.C.§1383) Complete Withdrawal from Multiemployer Plan and Building and Construction Industry Annexed as Exhibit "5" in the Declaration of Edmund V. Caplicki, Jr., Esq., in Opposition to Plaintiff's Motion for Summary Judgment.

In the case before the Court, Defendant Rodar Enterprises, Inc., did cease to have an obligation to pay to the Teamsters Local 445 Construction Pension Fund because Local 445 refused to negotiate a new collective bargaining agreement with Defendant Rodar Enterprises, Inc., and the Teamsters Local 445 pulled all its members off Defendant Rodar Enterprises, Inc.'s jobs. However, Defendant Rodar Enterprises, Inc., did not continue to perform work within the jurisdiction of Teamsters Local 445 of the type for which contributions were previously required. In fact, Rodar Enterprises, Inc., has not performed any work in Teamsters Local 445's jurisdiction for which contributions would be due since July 1, 2005.

Rodar Enterprises, Inc. has had a continuing labor dispute with Teamsters Local 445 since July 1, 2005, and Teamsters local 445 has refused to negotiate a new collective bargaining agreement with the Defendant. *See* Exhibit "6" of the Declaration of Edmund V. Caplicki, Jr., Esq., in Opposition to Plaintiff's Motion for Summary Judgment.

Since Rodar Enterprises, Inc. did not completely withdraw from The Local 445 Construction Division Pension Plan, Defendant Rodar Enterprises, Inc. has no withdrawal liability to The Local 445 Construction Division Pension Plan.

## II. STATEMENT OF FACTS

Defendant Rodar Enterprises, Inc. entered into a collective bargaining agreement with Teamsters local 445 wherein it was obligated to make contributions to The Teamsters Local 445 Construction Division Pension Fund for the period July 1, 2002- June 30, 2005. *See* Trucking Agreement between Teamsters Local 445 and Defendant Rodar Enterprises, Inc., the collective bargaining agreement pages Annexed as Exhibits 2 and 3 to the Declaration of Edmund V. Caplicki, Jr., Esq., in Opposition to Plaintiff's Motion for Summary Judgment.

In July, 2005 Teamsters Local 445 refused to negotiate a new collective bargaining agreement with Rodar Enterprises, Inc., and Teamsters Local 445 withdrew all of its members from Rodar Enterprises, Inc.'s jobs. The labor dispute between Teamsters local 445 and Rodar Enterprises, Inc. has continued until this day, and Rodar Enterprises, Inc. has not performed any work within the jurisdiction of Teamsters local 445 that required payment of contributions under the prior collective bargaining agreement.

Defendant Rodar Enterprises, Inc. did not completely withdraw from The Teamsters Local 445 Construction Pension Plan. It was the labor dispute instigated by Teamsters Local 445 that caused Defendant Rodar Enterprises, Inc., to cease working in the jurisdiction of Teamsters Local 445.

### III.  ARGUMENT

#### POINT I.

**NO COMPLETE WITHDRAWAL FROM TEAMSTERS LOCAL 445 CONSTRUCTION INDUSTRY MULTIEMPLOYER PENSION PLAN**

Defendant Rodar Enterprises, Inc., did not completely withdraw from the building and construction industry Teamsters Local 445 multiemployer pension plan. ERISA Section 4203 (29 U.S.C §. 1383). *See* Declaration of Edmund V. Caplicki, Jr., in Opposition to Motion for Summary Judgment Exhibit "5".

Since there was no complete withdrawal from the building and construction industry fund, Defendant Rodar Enterprises, Inc., does not have any withdrawal liability to The Teamsters Local 445 Construction Division Pension Fund, and no money is due and owing from Defendant Rodar Enterprises, Inc. to The Teamsters Local 445 Construction Pension Fund.

## POINT II.

**COMPLETE WITHDRAWAL DOES NOT OCCUR MERELY BECAUSE OF SUSPENSION OF CONTRIBUTIONS DURING LABOR DISPUTE**

Teamsters Local 445 On March 18, 2005, sent Defendant Rodar Enterprises, Inc. a letter requesting to negotiate a new collective bargaining agreement effective July 1, 2005. *See* Declaration of Edmund V. Caplicki, Jr., in Opposition to Motion for Summary Judgment Exhibit "3". Defendant Rodar Enterprises, Inc. attempted to negotiate a new agreement, however Teamsters local 445 commenced a labor dispute on July 1, 2005, and removed all Local 445 Teamster employees from every Rodar Enterprises, Inc. job site project. Defendant Rodar Enterprises, Inc. continued to request to negotiate with Teamsters Local 445 to obtain a new collective bargaining agreement, however Teamsters local 445 refused to negotiate.

Defendant Rodar Enterprises, Inc. remains ready, willing and able to negotiate, however to this day, Teamsters Local 445 has refused to meet and negotiate.

A complete withdrawal under ERISA does not occur merely because of suspension of contributions to the construction industry pension fund during a labor dispute. See Exhibit "6" of the Declaration of Edmund V. Caplicki, Jr., Esq., in Opposition to Plaintiff's Motion for Summary Judgment.

Defendant Rodar Enterprises, Inc., a building and construction industry employer, did not completely withdraw from the building and construction multiemployer pension plan of Teamster Local 445, and therefore Defendant Rodar Enterprises, Inc. does not have any withdrawal liability to Teamsters Local 445 Construction Pension Fund.

## IV. CONCLUSION

      For the foregoing reasons, the application of the Plaintiff for Summary Judgment should be denied, as well as such other and further relief as the Court may deem just and proper.

Dated: Lagrangeville, New York    Respectfully submitted,
       December 28, 2007           LAW OFFICES OF EDMUND V. CAPLICKI, JR.

                              By:    */s/Edmund V. Caplicki, Jr*
                                       EDMUND V. CAPLICKI, JR. (6896)
                                       *Attorney for Defendant Rodar Enterprises, Inc.*
                                       PO Box 15
                                       1133 Route 55, Suite E
                                       Lagrangeville, New York 12540
                                       (845) 483-0983

**CERTIFICATE OF SERVICE**

      I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on December 28, 2007, a copy of Declaration of Edmund V. Caplicki, Jr., Esq. in Opposition to Plaintiff's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

> William D. Frumkin
> Sapir & Frumkin, LLP
> 399 Knollwood Road, Suite 310
> White Plains, NY 10603

    Parties may access this filing through the Court's electronic filing system.

                                               /s/ Cynthia J. Sauter
                                               Cynthia J. Sauter