11/08/2007 10:24 FAX 2126874339    CLIFTON BUDD & DEMARIA    ☒002/006

control subsidiary at time of withdrawal. Trustees of Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Rentar Industries, Inc., C.A.7 (Ill.) 1991, 951 F.2d 152.

There was no unfairness in Congress' decision to place initial determination of employer's withdrawal liability under Pub.L. 96–364, § 1 et seq., Sept. 26, 1980, 94 Stat. 1208, on pension fund trustees, who are required to serve impartially, and to provide that fund's determination is presumptively correct. Textile Workers Pension Fund v. Standard Dye & Finishing Co., Inc., C.A.2 (N.Y.) 1984, 725 F.2d 843, certiorari denied 104 S.Ct. 3554, 467 U.S. 1259, 82 L.Ed.2d 856.

For purposes of Multiemployer Pension Plan Amendments Act, "withdrawal liability" is amount determined to be allocable share of unfunded vested benefits at time of employer's termination or reduction of contributions to pension plan, subject to certain adjustments. Flying Tiger Line, Inc. v. Central States, Southeast and Southwest Areas Pension Fund D.Del.1989, 704 F Supp. 1277.

Chapter 11 debtor-employer never withdrew from union pension and health and welfare funds, and thus, funds were not entitled to recover claim for withdrawal liability under Multiemployer Pension Plan Amendment Act (MPPAA). In re Zolner, Bkrtcy.N.D.Ill.1994, 173 B.R. 629.

### 3. Liability of spouse

Treasury department's spousal attribution rule, applicable to pension fund cases by virtue of Pension Benefit Guaranty Corporation's (PBGC) regulations, deeming each spouse an owner of the other's property interests under certain circumstances did not require imputation to spouse of husband's ownership of his sole proprietorship so as to find spouse jointly liable for husband's withdrawal obligation. Chicago Truck Drivers, Helpers and Warehouse Union (Independent) Pension Fund v. Steinberg, C.A.7 (Ill.) 1994, 32 F.3d 269.

### 4. Demand letter

Pension fund's withdrawal liability demand letter to alleged employer complied with Multiemployer Pension Plan Amendments Act and was sufficient to put alleged employer on notice that pension fund was asserting at least both accrual theory and evade-or-avoid claim, although evade-or-avoid theory of liability was not explicitly stated in demand letter, where letter did cite to statutory section of evade-or-avoid provision, and evade-or-avoid dispute had been issued throughout litigation. Flying Tiger Line, Inc. v. Central States, Southeast and Southwest Areas Pension Fund, D.Del. 1989, 704 F.Supp. 1277.

### 5. Arbitration

Employer may contest plan's decision regarding withdrawal liability by initiating arbitration under ERISA; failure to initiate arbitration results in waiver of any defenses that employer may have concerning fact and amount of withdrawal liability. Connors v. Hi-Heat Coal Co., Inc., D.D.C.1991, 772 F.Supp. 1.

## § 1383. Complete withdrawal

### (a) Determinative factors

For purposes of this part, a complete withdrawal from a multiemployer plan occurs when an employer—

    (1) permanently ceases to have an obligation to contribute under the plan, or

    (2) permanently ceases all covered operations under the plan.

### (b) Building and construction industry

(1) Notwithstanding subsection (a) of this section, in the case of an employer that has an obligation to contribute under a plan for work performed in the building and construction industry, a complete withdrawal occurs only as described in paragraph (2), if—