| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | ECF Case |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of Trustees
of TEAMSTERS LOCAL 445 CONSTRUCTION
DIVISION PENSION FUND,

                                  Plaintiff,           Civil Action No. 07 Civ. 7083
                                                               (CLB)(LMS)

     - against -

RODAR ENTERPRISES, INC.,

                                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      If a non-moving party fails to oppose a summary judgment motion, then "summary judgment, if appropriate, shall be entered against" it. Fed. R. Civ. P. 56(e). Where the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion," the motion shall be granted if the moving party has demonstrated that no material issue of fact remains for trial. *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). The court must be satisfied that the citation to evidence in the record supports the movant's assertions. *Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003). The movant's Rule 56.1 statement of undisputed facts may be used to support its burden. *Id*.

### POINT I

**SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE DEFENDANT FAILED TO OFFER ANY EVIDENCE IN OPPOSITION PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**

      Here, Plaintiff has proffered sufficient evidence to warrant summary judgment granting its

claim for the outstanding amount of withdrawal liability, plus interest, liquidated damages, attorney's fees and costs on unpaid interim withdrawal liability payments.  Once the employer has been assessed withdrawal liability by a multiemployer plan and received from the plan a timely notice of and demand for payment of the withdrawal liability, it must pay the assessed interim withdrawal liability payments regardless of any challenge or dispute the employer may have to the plan's assessment. 29 U.S.C. §§ 1399(b)(2)(A), 1399(c)(2); *Trustees of the Amalgamated Ins. Fund v. Steve Petix Clothier Inc.*, 2004 U.S. Dist. LEXIS 418, *9 (S.D.N.Y. 2004).  The failure of an employer to pay interim withdrawal liability payments permits the multiemployer plan to demand "immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made. " 29 U.S.C. § 1399(c)(5).

Rodar Enterprises, Inc. ("Defendant") failed to offer any evidence in opposition to Plaintiff's motion for summary judgment.  The following facts are unopposed:

> 1. The Teamsters Local 445 Construction Division Pension Fund ("the Fund") assessed withdrawal liability against Defendant in the amount of $438,669.85. (Rule 56.1 Statement, ¶ 3).
>
> 2. On or about October 23, 2006, the Fund sent to Defendant a timely Notice and Demand for Payment of the withdrawal liability. (Rule 56.1 Statement, ¶ 4).
>
> 3. On or about October 26, 2006, Defendant acknowledged receipt of the October 23, 2006 Notice and Demand for Payment. (Rule 56.1 Statement, ¶ 5).
>
> 4. Defendant did not to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, by December 15, 2006. (Rule 56.1 Statement, ¶ 6).
>
> 5. On or about January 26, 2007, the Fund notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its

total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, within sixty days after receiving the late-payment notice letter. In addition, the Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed therein would entitle the Fund to demand from Defendant immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid. (Rule 56.1 Statement, ¶ 9).

      6.     Defendant acknowledged receipt of the January 26, 2007 notice of overdue withdrawal liability payment. (Rule 56.1 Statement, ¶ 10).

      7.     Defendant did not remit the overdue payments within sixty days of receiving the January 26, 2007 letter. (Rule 56.1 Statement, ¶ 11).

      8.     On or about March 12, 2007, the Fund notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, within sixty days after receiving the late-payment notice letter. In addition, the Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed herein would entitle the Fund to demand from Defendant immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid. (Rule 56.1 Statement, ¶ 13).

      9.     Defendant acknowledged receipt of the March 12, 2007 notice of overdue withdrawal liability payment. (Rule 56.1 Statement, ¶ 14).

      10.     Defendant did not remit the overdue payment within sixty days of receiving the March 12, 2007 letter. (Rule 56.1 Statement, ¶ 15).

      11.     To date, Defendant did not remit payment in full of its total withdrawal liability remaining due, or remit <u>any</u> installment payments. (Rule 56.1 Statement, ¶ 16).

The above referenced facts are fully supported by evidence provided by Plaintiff in the Declaration of William D. Frumkin Esq. In Support of Plaintiff's Motion for Summary Judgment

("Declaration"). Defendant did not dispute the authenticity or accuracy of any exhibits referenced in the Declaration.

Because Defendant failed to offer any evidence disputing that it received proper and timely notice of its obligations to make interim withdrawal liability payments, and because it failed to make these payments, the Court must grant summary judgment in favor of the Fund.

## POINT II

### DEFENDANT FAILED TO ENGAGE IN MANDATORY ARBITRATION OF ITS ALLEGED DISPUTES THAT IT DID NOT COMPLETELY WITHDRAW FROM THE FUND

Defendant's sole opposition to the Fund's motion for summary judgment is that it did not completely withdraw from the Fund. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, pp. 3-5. Pursuant to the Multiemployer Pension Plan Amendments Act ("MPPAA"), however, any dispute over whether a company has withdrawn from a fund must be resolved by arbitration. *See* 29 U.S.C. §§ 1381, 1401(a)(1); *N.Y. State Teamsters Conf. Pension & Ret. Fund v. Express Servs.*, 426 F.3d 640, 645 (2d Cir. 2005). Defendant failed to properly and timely request arbitration in this matter. *See* Plaintiff's Motion for Summary Judgment, fn. 2. Defendant's failure to request arbitration serves as a waiver to the untimely raised issue of whether it completely withdrew from the Fund. *See Bowers on behalf of NYSA-ILA Pension Trust Fund v. Trans. Maritima Mexicana, S.A.*, 901 F.2d 258, 263 (2d Cir. 1990).

Because Defendant's assertion that it did not withdraw from the Fund is an issue solely to be resolved by arbitration, Defendant's waiver of its right to arbitrate necessitates summary judgment in favor of Plaintiff.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment should be granted.

Dated:  White Plains, New York
        January 3, 2008

                    Respectfully submitted,
                    **SAPIR & FRUMKIN LLP**

                    /s/ William F. Cusack III
                    William F. Cusack III (WC2497)
                    399 Knollwood Road, Suite 310
                    White Plains, New York 10603
                    (914) 328-0366
                    Attorneys for Plaintiff

F:\APPLICAT\WP\TEAMSTER\Rodar Enterprises\Litigation\Motion for Summary Judgment\Reply.wpd\rlh

## **CERTIFICATE OF SERVICE**

       I hereby certify that I am not a party to this action and am over 18 years of age.  I further certify that on January 3, 2008, a copy of the Memorandum of Law in Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

Edmund V. Caplicki, Jr., Esq.
Law Offices of Edmund V. Caplicki, Jr., Esq.
PO Box 15
1133 Route 55, Suite E
Larrangeville, New York 12540
Attorneys for Defendant

       Parties may access this filing through the Court's electronic filing system.

                                                               /s/ Rachel L. Horton
                                                               Rachel L. Horton