UNITED STATES DISTRICT COURT                                                    ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of  Trustees
of TEAMSTERS LOCAL 445 CONSTRUCTION
DIVISION PENSION FUND,

                                   Plaintiff,          Civil Action No. 07 Civ. F7083
                                                              (CLB)(LMS)

              - against -

RODAR ENTERPRISES, INC.,

                                   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF AN AWARD
OF UNPAID WITHDRAWAL LIABILITY, INTEREST ON UNPAID
WITHDRAWAL LIABILITY, LIQUIDATED DAMAGES, ATTORNEYS' FEES
AND EXPENSES PURSUANT TO 29 U.S.C. § 1132(G)(2)**
_____

                                        Sapir & Frumkin LLP
                                        Attorneys for Plaintiff
                                        399 Knollwood Road, Suite 310
                                        White Plains, New York 10603
                                        (914) 328-0366

*On the Brief*:

        William D. Frumkin, Esq.
        William F. Cusack III, Esq.

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      POINT I

           PLAINTIFF IS ENTITLED TO A MANDATORY AWARD OF LIQUIDATED DAMAGES, ATTORNEY'S FEES, AND COSTS ON UNPAID INTERIM WITHDRAWAL LIABILITY PAYMENTS . . . . . . . . . . . 2

      POINT II

           THE ATTORNEYS' FEES CLAIMED BY PLAINTIFF ARE REASONABLE AND SHOULD BE AWARDED IN THEIR ENTIRETY  . . . . 5

           A.    Plaintiff's Proof Is Sufficiently Detailed to Enable the Courts to Evaluate the Reasonableness of the Hours Expended . . . . . . . . . . . . . . . . 5

           B.    Plaintiff's Attorneys' Hourly Rates Are Reasonable and Based on the Prevailing Market Rate in the Relevant Legal Community for Similar Services by Lawyers of Reasonably Comparable Skills, Experience, and Reputation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      POINT III

           PLAINTIFF'S EXPENSES INCURRED IN PURSUING THIS ACTION SHOULD BE REIMBURSED AS PART OF AN AWARD OF ATTORNEYS' FEES UNDER ERISA § 502(g)(2) . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **TABLE OF AUTHORITIES**

## *Cases*

*Caleb V. Smith & Son, Inc. v. Amalgamated Ins. Fund*, 1991 U.S. Dist. LEXIS 13903
(S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162
(2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) . . . . . . . . . . . . . . . . 5

*Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*G.M. v. New Britain Bd. of Educ.*, 173 F.3d 77 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Healey v. Leavitt*, 485 F.3d 63 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) . . . . . . . . . . . . . 5,8

*In re Excess Value Ins. Coverage Litig.*, 2004 U.S. Dist. LEXIS 24368 (S.D.N.Y. 2004) . . . . . . 9

*Kassim v. City of Schenectady*, 415 F.3d 246 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Levy v. Powell*, 2005 U.S. Dist. LEXIS 42180 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*O'Hare v. General Marine Transp. Corp.*, 740 F.2d 160 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . .

*Retirement Fund of Fur Mfg. Industry v. Getto & Getto, Inc.*, 1989 U.S. Dist. LEXIS
9190 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sheehan v. Metro. Life Ins. Co.*, 450 F. Supp. 2d 321 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . 5

*Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340 (Bankr. S.D.N.Y. 1998) . . . . . . . . . . . 7

*Tokyo Electron Ariz., Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60 (E.D.N.Y. 2003) . . . . . . . . 6

*Williamsburg Fair Hous. Comm. v. N.Y. City Hous. Auth.*, 2005 U.S. Dist. LEXIS 5200
(S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

### ***Statutes***

29 U.S.C. § 1132(g)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1,3,4,8

29 U.S.C. § 1132(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

29 U.S.C. § 1145 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2,3

# I. <u>PRELIMINARY STATEMENT</u>

Plaintiff Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Construction Division Pension Fund (Plaintiff), commenced this action for collection of interim withdrawal liability payments with interest thereon, plus liquidated damages, attorney's fees, and costs against defendants in the above-captioned action. Plaintiff moved for summary judgment against defendant Rodar Enterprises, Inc. (Defendant) for monies owed to Plaintiff pursuant to the Employee Retirement Income Security Act (1974) (ERISA), as amended by the Multiemployer Pension Plan Amendments Act (1980) (MPPAA), 29 U.S.C. §§ 1001 *et seq.* On January 18, 2008, the Court granted summary judgment in favor of Plaintiff in the total amount of $438,669.85. The Court ruled that Defendant was required to immediately pay unpaid withdrawal liability and interest thereon under the payment schedule provided to Defendant on October 23, 2005. Additionally, Defendant was required to remain current with the aforementioned schedule. The Court requested that Plaintiff submit a proposed form of Order and fee application regarding liquidated damages, attorney's fees, and costs incurred in litigating the instant action.

Pursuant to 29 U.S.C. § 1132(g)(2), in an action to collect delinquent withdrawal liability payments, in addition to unpaid contributions and related interest, the Court must award Plaintiff, as the prevailing party, liquidated damages in an amount not in excess of twenty percent; reasonable attorney's fees and costs of the action; and such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). In accordance with ERISA § 502(g)(2) and the standards of reasonableness set forth by the lodestar method and accepted by the Second Circuit, Plaintiff is entitled to immediate payment of the unpaid withdrawal liability, interest on the unpaid withdrawal liability, liquidated damages, attorneys' fees, and costs in the instant matter of $71,784.90. Also,

Plaintiff is entitled to future withdrawal liability payments as established in the schedule provided to Defendant on October 23, 2005.

## II. STATEMENT OF FACTS

Plaintiff incorporates by reference the Statement of Facts included in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment submitted to this Court on December 14, 2007.

## III. ARGUMENT

### POINT I

**PLAINTIFF IS ENTITLED TO A MANDATORY AWARD OF LIQUIDATED DAMAGES, ATTORNEY'S FEES, AND COSTS ON UNPAID INTERIM WITHDRAWAL LIABILITY PAYMENTS**

Under ERISA § 502(g), 29 U.S.C. § 1132(g),

(2)     In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan--

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of--

(i)     interest on the unpaid contributions, or

(ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

ERISA § 502 "requires the award of reasonable fees and costs . . . to a prevailing fiduciary

2

in its action for or on behalf of a plan to recover delinquent contributions under § 1145." *Caleb V. Smith & Son, Inc. v. Amalgamated Ins. Fund*, 1991 U.S. Dist. LEXIS 13903 (S.D.N.Y. 1991). The "failure to make withdrawal liability payments is treated as a delinquent contribution within the meaning of § 1145." *Retirement Fund of Fur Mfg. Industry v. Getto & Getto, Inc.*, 1989 U.S. Dist. LEXIS 9190, *2-3 (S.D.N.Y. 1989). The award of damages listed under § 502 is mandatory to prevailing parties. *See O'Hare v. General Marine Transp. Corp.*, 740 F.2d 160, 171 (2d Cir. 1984).

Here, there is no dispute that Plaintiff is a fiduciary to the Local 445 Construction Division Pension Fund; brought an action under ERISA to recover withdrawal liability payments; and was the prevailing party. As such, the award under § 502(g)(2) is mandatory and should be awarded to Plaintiff. Accordingly, Defendant should be ordered to pay Plaintiff the following:

1.  $49,623.00 - principal amount of past due withdrawal liability owed for the periods from December 15, 2006 to January 22, 2008;

2.  $2,293.00 - interest incurred on the principal owed, calculated as follows:

    a.  $856.91, representing interest on the delinquent December 15, 2006 payment of $9,924.60 at the rate of 7.97% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2);

    b.  $666.60, representing interest on the delinquent March 15, 2007 payment of $9,924.60 at the rate of 8.06% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage

3

points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2);

c.      $453.89, representing interest on the delinquent June 15, 2007 payment of $9,924.60 at the rate of 7.84% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2);

d.      $258.70, representing interest on the delinquent September 15, 2007 payment of $9,924.60 at the rate of 7.82% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2); and

e.      $56.90, representing interest on the delinquent December 15, 2007 payment of $9,924.60 at the rate of 6.88% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2).

3.      $9,924.60 - liquidated damages in the amount of 20% of the principal amount owed;

4.      $9,430.00 - reasonable attorney's fees from August 1, 2007 to the date of filing of the fee application; and

4

5.    $514.30 - the costs of this action, to date.

for a total amount of $71,784.90.  Additionally, Plaintiff is entitled to future withdrawal liability

payments as established in the schedule provided to Defendant on October 23, 2005.

## POINT II

### THE ATTORNEYS' FEES CLAIMED BY PLAINTIFF ARE REASONABLE AND SHOULD BE AWARDED IN THEIR ENTIRETY

**A.    Plaintiff's Proof Is Sufficiently Detailed to Enable the Courts to Evaluate the Reasonableness of the Hours Expended**

"The most useful starting point for determining the amount of a reasonable fee is the number

of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This

calculation provides an objective basis on which to make an initial estimate." *Arbor Hill Concerned*

*Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162, 166 (2d Cir. 2007) *citing Hensley*

*v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  The product of the two

numbers is commonly referred to as the lodestar figure.  *Arbor Hill*, 484 F.3d at 165.  The "Second

Circuit has adopted the lodestar method for determining reasonable fees."  *Sheehan v. Metro. Life*

*Ins. Co.*, 450 F. Supp. 2d 321, 326 (S.D.N.Y. 2006).  "The burden of establishing a reasonable rate

is on the fee applicant."  *Sheehan*, 450 F. Supp. 2d at 326.  When "the applicant for a fee has carried

his burden of showing that the claimed rate and number of hours are reasonable, the resulting

product is presumed to be the reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79

L. Ed. 2d 891 (1984).  As the first step in the lodestar determination, the applicant must submit proof

that is sufficiently detailed to enable the courts to evaluate the reasonableness of the hours expended.

*Tokyo Electron Ariz., Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 62 (E.D.N.Y. 2003).

5

In support of Plaintiff's motion, Plaintiff submits the Affidavit of William D. Frumkin, Esq. In the Frumkin Affidavit, Mr. Frumkin describes in detail the practice of Sapir & Frumkin, LLP ("Sapir & Frumkin"); his professional background and experience; and the Sapir & Frumkin attorneys who worked on the case.  Mr. Frumkin summarizes the tasks performed by individual Sapir & Frumkin attorneys during the course of the litigation with the actual line-item contemporaneous daily time reports for the litigation.  *See* Frumkin Aff., Exh. 1.  Mr. Frumkin describes, in detail, the tasks performed during the phases of the litigation and sets forth the sum of fees requested for work performed by each Sapir & Frumkin attorney, as well as the total of recoverable expenses incurred by that firm.  *See* Frumkin Aff., Exh. 1.

Mr. Frumkin took care to allocate responsibility for the various tasks required in handling the matter.  Mr. Frumkin, in light of the breadth and depth of his experience in handling these matters, was heavily involved in supervising all aspects of the case.  He handled client conferences and communications, directed strategy, final preparation of all papers, and guided associates regarding oral presentations before the Court.   Mr. Frumkin demonstrated that care was taken to delegate tasks to the qualified professional whose hourly rate was the lowest.  Thus, the legal research, drafting of papers, and court appearances were handled by associates at Sapir & Frumkin.

Also, Plaintiff submits the Affidavit of William F. Cusack III.  Mr. Cusack rendered the majority of billable hours on this case.  Mr. Cusack's actions are described in similar detail for fees requested and the recoverable expenses incurred by the firm.  *See* Frumkin Aff., Exh. 1.

Plaintiff respectfully submits that the affidavits of Mr. Frumkin and Mr. Cusack more than satisfy the requirements articulated by the Supreme Court, the Second Circuit, and the Southern District of New York and demonstrate that the hours expended by counsel for Plaintiff are

6

reasonable. Mr. Frumkin's and Mr. Cusack's affidavits make clear that a majority of the hours spent by Sapir & Frumkin attorneys were spent preparing for and litigating the instant action to recover delinquent withdrawal liability payments rightfully owed to the Funds. Thereafter, in view of the Court's decision to grant summary judgment to Plaintiff, the remaining hours spent by Sapir & Frumkin attorneys were spent on preparing the present submission which was quickly and efficiently done. Those fees are fully reimbursable. *Gagne v. Maher*, 594 F.2d 336, 343-44 (2d Cir. 1979).

    **B.**     **Plaintiff's Attorneys' Hourly Rates Are Reasonable and Based on the Prevailing Market Rate in the Relevant Legal Community for Similar Services by Lawyers of Reasonably Comparable Skills, Experience, and Reputation**

As the second step in the lodestar determination, the Court must also determine a reasonable hourly rate for each attorney. *Williamsburg Fair Hous. Comm. v. N.Y. City Hous. Auth.*, 2005 U.S. Dist. LEXIS 5200, *24 (S.D.N.Y. 2005). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340, 352 (Bankr. S.D.N.Y. 1998). "An attorney's customary rate is a significant factor in determining a reasonable rate." *Levy v. Powell*, 2005 U.S. Dist. LEXIS 42180, *25 (S.D.N.Y. 2005). "There is . . . a strong presumption that the lodestar figure represents a reasonable fee." *A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005) *citing G.M. v. New Britain Bd. of Educ.*, 173 F.3d 77, 84 (2d Cir. 1999). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . encompass[ing] all hours reasonably expended." *Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005) *citing Hensley*, 461 U.S. at 435-36. The most critical factor in determining the award of attorney's fees is the degree of success the party obtained. *Healey v. Leavitt*, 485 F.3d 63, 72 (2d Cir. 2007).

As the affidavits of Mr. Frumkin and Mr. Cusack demonstrate, the rates charged Plaintiff by Sapir & Frumkin are less than the rates normally charged by the firm for work performed.  The rates reflect counsel's experience level and the quality of their work, consistent with the prevailing market rates for similar competent counsel in New York.  As counsel in prior ERISA litigations, Sapir & Frumkin gathered valuable experience that was indispensable in bringing this action to a successful conclusion in the most efficient way possible.  Mr. Frumkin's experience was particularly valuable as he was personally involved in each litigation.  In determining Plaintiff's fee award in the instant matter, the Court should apply the Sapir & Frumkin rates ordinarily billed.  Having demonstrated the reasonableness of the time spent and the reasonableness of the rates charged, the lodestar amount is established.

Here, Plaintiff achieved excellent results and prevailed on its claim for relief.  Thus, application of the "results obtained" factor supports Plaintiff's fee award.  Plaintiff obtained the highest success possible in the instant matter.  Under the traditional "lodestar" analysis, Plaintiff respectfully submit that it has demonstrated that the fees incurred in seeing this litigation to a successful conclusion are reasonable and should be awarded in their entirety.

## POINT III

### PLAINTIFF'S EXPENSES INCURRED IN PURSUING THIS ACTION SHOULD BE REIMBURSED AS PART OF AN AWARD OF ATTORNEYS' FEES UNDER ERISA § 502(g)(2)

"Attorney fee awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *In re Excess Value Ins. Coverage Litig.*, 2004 U.S. Dist. LEXIS 24368, *17 (S.D.N.Y. 2004).  These expenses include, *inter alia*, photocopying, telephone, facsimile, postage, and online research expenses.  *See Id.* at *74.

8

Here, the expenses incurred by Sapir & Frumkin are described in detail in Exhibit 2 of the Frumkin Affidavit.  All of these expenses were of the type "ordinarily charged to their clients" and all are recoverable under ERISA § 502.  Thus, Plaintiff should be fully compensated for photocopying, telephone, facsimile, postage, and online research expenses.

## V. CONCLUSION

For the foregoing reasons, the Fund is entitled to liquidated damages, attorney's fees and costs, as well as such other and further relief as it may deem just and proper and Plaintiff's motion should be granted in its entirety.

Dated:  White Plains, New York
      January 28, 2008

Respectfully submitted,

**SAPIR & FRUMKIN LLP**


By:  /s/ Wiliam D. Frumkin
     William D. Frumkin (WF2173)
     William F. Cusack III (WC2497)
     Attorneys for Plaintiff
     399 Knollwood Road, Suite 310
     White Plains, New York 10603
     (914) 328-0366

F:\APPLICAT\WP\TEAMSTER\Rodar Enterprises\Litigation\Motion for Attorney's Fees\Memorandum.ECF.wpd\rlh

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on January 28, 2008, a copy of PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF AN AWARD OF LIQUIDATED DAMAGES, ATTORNEYS' FEES AND EXPENSES PURSUANT TO 29 U.S.C. § 1132(G)(2) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

> Edmund V. Caplicki, Jr., Esq.
> Law Offices of Edmund V. Caplicki, Jr.
> P.O. Box 15
> LaGrangeville, New York 12540

Parties may access this filing through the Court's electronic filing system

 /s/ Rachel L. Horton               
Rachel L. Horton
