UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF Case

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIAN HUFF, as Chairman of the Board of Trustees
of TEAMSTERS LOCAL 445 CONSTRUCTION
DIVISION PENSION FUND,

Civil Action No. 07 Civ. 7083
(CLB)(LMS)

Plaintiff,

- against -

RODAR ENTERPRISES, INC.,

Defendant.

**AFFIDAVIT OF WILLIAM D.
FRUMKIN IN SUPPORT OF
AN AWARD OF UNPAID
WITHDRAWAL LIABILITY,
INTEREST ON UNPAID
WITHDRAWAL LIABILITY,
LIQUIDATED DAMAGES,
ATTORNEYS' FEES AND
EXPENSES PURSUANT TO 29
U.S.C. § 1132(G)(2)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK          )
COUNTY OF WESTCHESTER      )ss.:

    **WILLIAM D. FRUMKIN**, declares under penalty of perjury:

    1.    I am a partner with the law firm of Sapir & Frumkin LLP, attorneys for Plaintiff in this case. This Affidavit is offered in support of the Plaintiff's application for attorney's fees and costs.

    2.    Our firm was retained by Plaintiff for representation in this instant matter on or about July 24, 2006 for collection of withdrawal liability in the amount of $438,669.85.

    3.    Over the years, Sapir & Frumkin LLP has established a reputation as a leading boutique law firm in New York engaged in the representation of unions and benefit funds since 1984, including representation of Plaintiff, Teamsters Local 445 Construction Division Pension Fund. Our office is located in White Plains, New York. Our firm specializes in the practice of labor and employment law. We represent labor unions, employers, and trustees of employee benefit funds in employment matters, labor relations matters, and ERISA matters, but we also represent employees

in employment discrimination matters.  Sapir & Frumkin LLP consists of two partners, Donald L.

Sapir and your affiant, in addition to four (4) associates, a Certified Paralegal, and one (1) secretary.

At various times during our representation of Plaintiff, we have employed other attorneys.  Our

office is located in White Plains, New York.

     4.     Either the attorney performing the services, or a paralegal or secretary employed by

the firm, is required to enter in the firm's computerized database for each case in which services

were performed the information that is included in the daily time records, to wit: the date of an

activity, a brief description of the activity or activities engaged in, the initials of the person

performing the work and the amount of time expended, as calculated by tenths of an hour, for the

activities performed by each person on a specific date.  The information is maintained for each case

so that an accurate up to date report of activities and hours expended can be retrieved at any time.

Annexed hereto as Exhibit 1 is a copy of the computer printout of activities and hours expended for

each person employed by this firm for the work that was performed in this case, up to and including

January 28, 2008.

     5.     I have reviewed the accompanying  statement of hours and activities.  *See* Exh. 1.

It accurately reflects the expenditures of time by me in this case and the other attorneys at this firm

who performed services.  Since I was responsible for the supervision of the attorneys working on the

case, I submit this affidavit in support of this application.  Moreover, I submit the affidavit of

William F. Cusack III, my associate, in support of this application because Mr. Cusack rendered the

majority of billable hours on this case.  A record of hours similarly produced and maintained has

been accepted by other Courts in this district in several cases in which our firm was awarded

attorney's fees for Plaintiffs in other federal labor litigation cases, including but not limited to, *Local

445 Welfare Fund v. Wein*, Nos. 88-7006 and 88-7070 (CLB)(2d Cir. 1988); *Smit v. Ramada*, 97 Civ.

6627 (WCC)(S.D.N.Y. 1998); *Smit v. Seminara Construction Corp.*, 00 Civ. 6633 (CLB)(S.D.N.Y. 2000); *Smit v. G.A.L.S. Construction, Inc.*, 00 Civ. 1712 (CM)(MDF)(S.D.N.Y. 2001). The Second Circuit Court of Appeals approved this Court's award of attorney's fees in *Wein, supra*, and awarded additional fees for my firm's services in representing this plaintiff in that case, Local 445 Funds, in the Defendant's appeal of this Court's award of attorney's fees. The same type of statement of hours expended was submitted to support the fee award made by the Second Circuit. *Local 445 Welfare Fund v. Wein*, 88-7006 and 88-7070 (2d Cir. 1988). Other cases in which my firm was awarded attorney's fees by district judges in this circuit include: *Frederick W. Devine, as Chairman of the Board of Trustees of the New York City District Council of Carpenters Benefit Funds v. WW Building Corp.*, 95 Civ. 3375 (JGK)(S.D.N.Y.); *Frederick W. Devine, as Chairman of the New York City District Council of Carpenters Benefit Funds v. CDC Workroom, Inc. f/k/a Custom Design Carpet*, 95 Civ. 10367 (BSJ)(S.D.N.Y.); *New York City District Council of Carpenters Benefit Funds v. John Michael Building Corp. and International Fidelity Insurance Co.*, 95 Civ. 4438 (MGC)(S.D.N.Y.); and *New York City District Council of Carpenters Benefit Funds v. A to Z Floors Corp.*, 95 Civ. 2583 (SHS)(S.D.N.Y.).

6.     During the entire period of representation of Plaintiff, work performed by me is billed at the rate of $175.00 per hour. These are the rates set forth and requested for work performed by me and all associates who rendered legal services in this case. The rate billed to Plaintiff is well below my usual rate billed to other clients. During the entire period of representation of Plaintiff, work performed by me was billed at $175.00 and is billed at my usual rate of $410.00 per hour to other clients of this firm who paid in advance or who pay as the work progresses. The rate set forth and requested for work performed by me in this case represents Sapir & Frumkin LLP's "blended hourly rate" charged to Plaintiffs for legal services rendered. *See* Exh. 1.

3

7.    Annexed hereto as Exhibit 2 is a copy of the computer printout of costs and fees expended in this case, up to and including January 28, 2008. Plaintiff also seeks reimbursement for the identified costs and fees, all of which were reasonably and necessarily expended in this case.

8.    I believe that my qualifications, experience, and stature in the legal community support the hourly rates requested for me and that the qualifications and experience of my associates support the rates requested for them.

9.    I attended the State University of New York at Stony Brook and received a Bachelor of Arts degree in 1974. I then worked as a Social Worker for the next five (5) years and obtained a Masters Degree in Social Work from the University of California at Los Angeles in 1981. I received a J.D. Degree from Pace University School of Law in 1986, graduating with honors.

10.    After my graduation from law school, I worked for two (2) years for the Law Firm of Raymond G. Kuntz, P.C., located in Bedford, New York. While employed there, I represented six (6) school districts in a variety of labor and employment matters.

11.    Since then, I have worked almost exclusively in the labor and employment field, including representation of labor unions. I have handled dozens of labor union cases, and have lectured extensively with respect to such matters, in addition to publishing numerous articles. I am currently the Co-Chair of the National Employment Lawyers Association, ERISA Committee; President of the National Employment Lawyers Association, New York affiliate; I am the Chair of the New York State Bar Association, Labor and Employment Law Section Membership Committee; I am a member of the New York State Bar Association, Labor and Employment Section, Employee Benefits Committee; I am the Co-Chair, Westchester County Bar Association, Labor and Employment Lawyers Committee; I am a Member of the American Bar Association Labor and Employment Law Section, Employee Benefits Committee; I am a Member, Board of Directors,

4

Westchester Disabled on the Move, Inc.  My publications include, *Burdens of Proof Under ADA and Rehabilitation Act*, New York State Bar Journal, Sept.-Oct. 1996; *"Varity" and Relief Under ERISA for Breach of Fiduciary Duties*, N.Y.L.J., April 24, 1996; and *Title VII's Anti-Retaliation Provision Extends to Former Employees*, N.Y.L.J. March 19, 1997.  I am also a contributing author of *Disability Discrimination in the Workplace*, Clark, Boardman and Callahan; Employee Benefits Law, Second Edition, 2004 Cumulative Supplement, ABA Section of Labor and Employment Law, and I assisted my partner, Donald L Sapir, in the preparation of a chapter of *Employment Litigation in New York*, West's New York Practice Series (1996).  Additional publications include:  Frumkin and Santangelo, *Burdens of Proof under ADA and Rehabilitation Act*, 68 N.Y.S.B.J. No. 6, at 38 (September/October, 1996); Frumkin and Santangelo, *Title VII's Anti-Retaliation Provision Extends to Former Employees*, N.Y.L.J. No. 52, at 1, col. 1 (March 19, 1997); Frumkin and Santangelo, *Material Misrepresentation and Breach of Fiduciary Duties Under ERISA*, 1 Inside Employee Rights Litigation, No. 12, at 6, col. 1 (October, 1997); Frumkin and Santangelo, *Reasonable Accommodation Of A Paralyzed Firefighter*, 70 N.Y.S.B.J. No. 2 at 32 (February, 1998); Sapir and Frumkin, *Material Misrepresentation and Breach of Fiduciary Duties After Varity*, Employee Rights and Responsibilities Committee Newsletter, Vol. 3, No. 1, at 9, col. 1 (Spring, 1998); Frumkin and Santangelo, *Second Circuit Examines Jury's Role In Burden Shifting Analysis In Job Bias Cases*, 219 N.Y.L.J. No. 108, at 1, col.1 (June 8, 1998); Frumkin and Santangelo, *Stress Management Is Possible With The Proper Approach*, 40 NYSBA State Bar News No. 4, at 7, col. 1 (May/June, 1998); Frumkin and Santangelo, *The Americans With Disabilities Act*, ALIVE (Summer, 1998); Frumkin and Santangelo, *Emotional Distress Discovery in Employment Discrimination Cases*, 220 N.Y.L.J. No. 38, at 1, col. 1 (August 24, 1998); Frumkin and Santangelo, *Emotional Distress Discovery in Bias Cases*, 12 Employment Litigation Reporter No. 23, at 3, col. 1 (October 13, 1998);

5

Frumkin and Santangelo, *Second Circuit Examines Jury's Role in Burden Shifting Analysis in Job Bias Cases,* Vol. V. American Bar Association Consumer & Personal Rights Litigation Newsletter No. 4 at 5, col. 1 (Fall 1998); Frumkin and Santangelo, *Emotional Distress Discovery in Employment Discrimination Cases*, 11 Andrews AIDS Litigation Reporter No. 24, at 11, col. 1 (October, 1998); Frumkin and Shapiro, *Getting a Foot in the Door, Pre-Employment Rights: What You Should Know* ALIVE (Winter, 1999); Frumkin and Bernak, *Cost Savings from Hiring Contingent Workers May Be Lost If Their Status Is Challenged*, 71 N.Y.S.B.J. No.7, at 36 (September/October, 1999); and, Frumkin, *Cash Balance Conversion of Traditional Pension Plans*, 1 Employee Rights Quarterly. No.1, at 74 (Summer 2000). My presentations include, October 1992 *ERISA: A Tool for the Employee Advocate*. (Severance Pay Claims), National Employment Lawyers Association, San Francisco, California; May, 1994, *AIDS and the Workplace, ADA and Rehabilitation Act*, New York State Bar Association Special Committee on AIDS and the Law, New York City and Albany; May, 1994 *Presenting and Defending Employee Benefit Claims*, (Plaintiff's Perspective), New York State Bar Association, New York City; November 1994, *ERISA: A Tool for the Employee Advocate*, (Severance Pay Claims), Washington, D.C.; June, 1994, *Litigating ERISA Claims*, National Employment Lawyers Association Annual Convention, Blaine, Washington; January, 1995, *AIDS and the Workplace, State and Federal Discrimination Laws, ADA and Rehabilitation Act*, New York State Bar Association Annual Convention, New York City; January, 1996, *AIDS and Insurance Issues*, New York State Bar Association Annual Convention, New York City; April, 1996, *ERISA Practice and Procedure*, NY/NELA, New York City; May, 1996, *Employment Law Institute at St. John's University, Discovery in Employment Law Cases*, New York State Bar Association Labor and Employment Law Section, Queens, New York; June, 1996, *Sexual Stereotyping in Gender*

*Discrimination Claims*, National Employment Lawyers Association Annual Convention, San Diego, California; October, 1996, *Labor and Employment Law for the Corporate Counselor and General Practitioner, Litigating Sexual Harassment Claims*, New York State Bar Association, White Plains, New York; May, 1997, *Employment Law Institute at St. John's University, Use of Expert Witnesses*, New York State Bar Association, Labor and Employment Law Section, Queens, New York; June, 1997, *Litigating Health Benefit Claims*, National Employment Lawyers Association Annual Convention, Toronto, Canada; April, 1998, *The Ill, Injured and Disabled Employee/Job Applicant*, New York State Bar Association, New York City; June, 1998, *The Use of Benefit Issues to Enhance Settlements in Employment Discrimination Cases*, National Employment Lawyers Association, Monterey, California; October, 1998, *ERISA Claims*, Practicing Law Institute, 27th Annual Employment Law Conference, New York City; October, 1998, *AIDS-Update On The Legal Issues*, New York State Bar Association, New York City; October, 1998, *ERISA Preemption*, New York State Bar Association, Labor and Employment Law Section Annual Meeting, Ithaca, New York; January, 1999, *AIDS Update 1999: Public Health-Private Rights*, New York State Bar Association Annual Convention, New York City; March, 1999, *ERISA's Uses in Settling Employment Discrimination Claims*, National Employment Lawyers Association (New York Chapter) Spring Conference, Syracuse, New York; October, 1999, *ERISA Claims*, Practicing Law Institute, 28th Annual Employment Law Conference, New York City; October, 1999, *Employment Separation Agreements*, New York State Bar Association Annual Meeting, Cooperstown, New York; October, 2000, *ERISA: A Tool for the Employee Advocate*, National Employment Lawyers Association, Denver, Colorado; October, 2000, *ERISA Claims*, Practicing Law Institute, 29th Annual Employment Law Conference, New York City; October, 2000, *ERISA Severance Benefit Issues*, New York State

7

Bar Association Labor and Employment Law Section Annual Meeting, Captiva Island, Florida; January, 2001, *Litigating Contingent Worker Benefit Cases*, New York State Bar Association Annual Meeting, New York City; March, 2001, *Fraudulent Inducement and Material Misrepresentation Claims*, Practicing Law Institute, Handling Wrongful Termination Claims, New York City; June, 2001, *Litigating Employment Discrimination Claims*, New York County Lawyers Association, New York City; October, 2001, *ERISA Claims*, Practicing Law Institute, 30th Annual Employment Law Conference, New York City; April, 2002, *The Employee Benefit Traps - Essential Information for the Employment and Labor Lawyer*, New York State Bar Association, Labor and Employment Law Section Annual Meeting, Bolton Landing, New York; June, 2002, *Living with Cancer: Confronting the Challenge* - Twelfth Annual Living with Cancer Conference, St. Luke's-Roosevelt Hospital Center, "Cancer and the Workplace: Legal Protections," New York, New York; October, 2002, *The Aftermath of Enron for ERISA Practitioners*, New York State Bar Association Fall Meeting, Cornell University, Ithaca, New York; October, 2002,  Pace University Law School, Continuing Legal Education Program: *"Basics of the ADA and Related Laws."* White Plains, New York; December, 2002, GA/NELA Chapter Annual Conference: *"Identifying ERISA Issues in Employment Cases,"* Jamaica, W.I.; January, 2003, *Dealing with Difficult Adversaries, Litigants and Clients in the Labor and Employment Law Setting*,  New York State Bar Association, Labor & Employment Law Annual Meeting Program, New York, New York; April, 2003, *ERISA Claims*, NELA Spring Conference, New York, New York; April, 2003, Pace University Law School, Continuing Legal Education Program: "Prosecuting and Defending the ADA Case," White Plains, New York; June 2003, *Living with Cancer: Confronting the Challenge* - Thirteenth Annual Living with Cancer Conference, "Cancer and the Workplace Legal Protections," New York, New York; October, 2003, *Discovery*

8

*Issues in Employment Litigation*, Practicing Law Institute, 32nd Annual Employment Law Conference, New York City; October, 2003, *Employment Law Issues in ADR Proceedings*, Westchester County Bar Association, White Plains, New York; January, 2004, *The Developing Law Against Retaliation*, New York State Bar Association, Labor & Employment Law Annual Meeting Program, New York, New York; October, 2004, *How to Become COBRA and HIPPA Complaint*, New York State Bar Association, Labor and Employment Law Section Fall Meeting, Cooperstown, New York.

12.    I was admitted to practice law and I am in good standing in the State of New York (November 1987) and I am also admitted and I am in good standing in the State of Connecticut (December, 1986), the United States District Courts for the Southern (November, 1987), Eastern (February, 1994), Northern (January, 1997), and Western (January, 1998) Districts of New York, and the United States Court of Appeals for the Second Circuit (June, 1993). Further, I am admitted *pro hac vice* and I am in good standing in the United States Bankruptcy Court, Central District of California (Riverside Division) (2003).

13.    Among the matters I am either currently working on or have completed are:

a.    *Kosakow v. New Rochelle Radiology Assoc., P.C.*, 99 Civ. 1635 (CM), Second Circuit Docket No. 00-7392

b.    *Montesano, et al. v. Xerox Corporation Retirement Income Guarantee Plan, et al.*, 3:99 CV 1197 (AHN), Second Circuit Docket No. 00-9266

c.    *Stone v. City of Mount Vernon, et al.*, Second Circuit, Docket No. 96-7976

d.    *Naomi Kemp v. The Marcon Group Ltd., et al.*, 03-cv-9040 (CLB) (LMS), Second Circuit, Docket No. 05-1176-cv

e.    *Smit v. AJM Sand & Stone, Inc.*, SDNY, 03 Civ. 0485 (CLB)(GAY)

f.    *Smit v. A-P-A Transport Corp., et al.*, SDNY, 03-Civ. 9140 (SCR)(GAY)

g.    *In re Consolidated Freightways Corp., U.S. Bankruptcy Court, Central Dist. of Cal.,Case No.: 02-24284-MG (Ch. 11) (Jointly Administered with Case Nos. RS-02-24289-MG, RS-02-24287-MG, RS-02-24293-MG, RS-02-24294-MG, RS-02-24295-MG; RS 03-11603-MG, RS 03-11608-MG, RS 03-11610-MG, and RS 03-11615-MG) (Creditor Local 445 Freight Division Welfare and Pension Funds)*

h.    *Smit v. G.A.L.S., Inc. and Susan A. Fichera, Individually,* SDNY, 00 Civ. 01712 (CM)

i.    *Smit v. Mid-Hudson Steel Corp. and James F. Hudson, Individually*, SDNY, 03 Civ. 6467 (CM)

j.    *In re Miron Building Products Co., Inc.,* NDNY Bankruptcy, Case No. 00-14489.

k.    *Smit v. Rodar Enterprises, Inc.,* SDNY, 04 Civ. 1146 (CM)(MDF)

l.    *In re Star Newco, Inc. (Teamsters Local 445 Welfare and Pension Funds, Creditors), D. De Bankruptcy,* Case No. 98-02037-MFW

m.    *Smit v. Watson Services, Inc.*, SDNY, 04 Civ. 2032 (CLB)(GAY)

n.    *Westchester Disabled on the Move, Inc. v. County of Westchester, et al.*, SDNY, 04-cv-1893 (SCR)

o.    *Duryea v. New York State Office of Mental Retardation and Developmental Disabilities, et al.*, SDNY, 95 Civ. 8789 (CM)(MDF)

p.    *Anne E. Nelson, Robert S. Fash, And Craig A. Harris, Individually, and On Behalf Of All Others Similarly Situated v. The Citigroup Pension Plan, and The Plans Administration Committee of Citigroup, Inc. as Plan Administrator*, SDNY,05 Civ. 653 (NG)(VVP)

14.    In connection with my employment with this office, I regularly read the New York Law Journal, Bureau of National Affairs ("BNA") Employee Benefit Cases and Fair Employment Practices, the BNA Labor Law Reporter, and other literature related to labor and employment law case developments.

15.    The following rates and hours are sought by Plaintiff for attorneys and paralegals employed by Sapir & Frumkin LLP:

| Name | Status | Rate | Admitted | Amount of Hrs. | Fees Sought |
|------|--------|------|----------|----------------|-------------|
| William D. Frumkin | Partner | $175.00 | 1987 | 5.8 | $ 1,015.00 |
| Daniel T. Driesen | Associate | $175.00 | 1996 | 1.2 | $ 210.00 |
| Kathryn E. White | Associate | $175.00 | 2002 | 2.9 | $ 507.50 |
| William F. Cusack III | Associate | $175.00 | 2006 | 42.1 | $ 7,367.50 |
| Rachel L. Horton | Paralegal | $100.00 | | 3.3 | $ 330.00 |

**TOTAL FEES:**    **$ 9,430.00**

16.    The total amount of costs sought by Plaintiff pertaining to services performed by Sapir & Frumkin LLP, including filing fees, telephone and facsimile charges, legal research, postage, and mailing charges is $514.30. *See* Exh. 2.

17.    Annexed hereto as Exhibit 3 is a copy of the Proposed Form of Order pursuant to the Court's January 18, 2008 directive.

William D. Frumkin (WF 2173)

Sworn to before me this
28th day of January, 2008

Notary Public

RACHEL L. HORTON
NOTARY PUBLIC, State Of New York
No. 01HO6095205
Qualified In Dutchess County
Commission Expires July 7, 20 11

F:\APPLICAT\WP\TEAMSTER\Rodar Enterprises\Litigation\Motion for Attorney's Fees Aff.wpf\attys.fees.wpd\rlh

11

## CERTIFICATE OF SERVICE

I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on January 28, 2008, a copy of AFFIDAVIT OF WILLIAM D. FRUMKIN IN SUPPORT OF AN AWARD OF UNPAID WITHDRAWAL LIABILITY INTEREST ON UNPAID WITHDRAWAL LIABILITY, LIQUIDATED DAMAGES, ATTORNEYS' FEES AND EXPENSES PURSUANT TO 29 U.S.C. § 1132(G)(2) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

> Edmund V. Caplicki, Jr., Esq.
> Law Offices of Edmund V. Caplicki, Jr.
> P.O. Box 15
> LaGrangeville, New York 12540

Parties may access this filing through the Court's electronic filing system

Rachel L. Horton