
UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------- x

ADRIAN HUFF, as Chairman of the Board of Trustees  
of TEAMSTERS LOCAL 445 CONSTRUCTION  
DIVISION PENSION FUND,

                         Plaintiff,

- against -

RODAR ENTERPRISES, INC.,

                         Defendant.  
------------------------------------------------- x

ECF Case

Civil Action No. 07 Civ. 7083  
(CLB)(LMS)

~~ORDER~~ FINAL JUDGMENT

08, 0064 WP

    WHEREAS, Defendant Rodar Enterprises, Inc. (Defendant) entered into and was subject to a collective bargaining agreement (CBA) with Local Union No. 445, International Brotherhood of Teamsters of Annexed AFL-CIO (the Union) wherein it was obligated to make contributions to the Teamsters Local 445 Construction Division Pension Fund (the Fund), which is a third-party beneficiary under the CBA;

    WHEREAS, the Fund determined that, in or around the year 2005, Defendant completely withdrew from the Fund because it had permanently ceased to have an obligation to contribute to the Fund;

    WHEREAS, the Fund assessed withdrawal liability against Defendant in the amount of $438,669.85;

    WHEREAS, on or about October 23, 2006, pursuant to §§ 4202(2) and 4219(b)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1382(2) and 1399(b)(1), the Fund sent a "Demand for Payment of Withdrawal Liability" to Defendant advising it that the Fund determined that the it had effected a complete withdrawal from the Fund in or around the year 2005, and requested Defendant to pay a withdrawal liability of $438,669.85. The Fund notified

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: _____



Defendant that, in accordance with §§ 4219(c)(1)(E)(2) and (3) of the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), Defendant's withdrawal liability was payable to the Fund in eighty equal quarterly installments, each in the amount of $9,924.60, and that the first payment was due by December 15, 2006;

WHEREAS, on or about October 26, 2006, Defendant acknowledged receipt of the October 23, 2006 Notice and Demand for Payment;

WHEREAS, Defendant failed to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, by December 15, 2006;

WHEREAS, on or about January 26, 2007, the Fund notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, within sixty days after receiving the late-payment notice letter. In addition, the Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed therein would entitle the Fund to demand from Defendant immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid;

WHEREAS, Defendant acknowledged receipt of the January 26, 2007 notice of overdue withdrawal liability payment;

WHEREAS, Defendant failed to remit the overdue payments within sixty days of receiving the January 26, 2007 letter;

2

WHEREAS, on or about March 1, 2007, Defendant notified the Fund that it retained new counsel in the matter;

WHEREAS, on or about March 12, 2007, the Fund notified Defendant of its overdue withdrawal liability payment, and that it would be in statutory default if it failed to remit payment in full of its total withdrawal liability remaining due, or remit its first quarterly installment payment, in the amount of $9,924.60, within sixty days after receiving the late-payment notice letter. In addition, the Fund notified Defendant that its failure to pay its withdrawal liability remaining due as prescribed therein would entitle the Fund to demand from Defendant immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which is untimely paid;

WHEREAS, Defendant acknowledged receipt of the March 12, 2007 notice of overdue withdrawal liability payment;

WHEREAS, Defendant failed to remit the overdue payment within sixty days of receiving the March 12, 2007 letter;

WHEREAS, to date, Defendant failed to remit payment in full of its total withdrawal liability remaining due, or remit any installment payments;

WHEREAS, the issues of whether Defendant completely withdrew from the Fund and the amount of withdrawal liability assessed against Defendant are matters that may resolved only by arbitration;

WHEREAS, the time in which Defendant had to initiate arbitration regarding whether Defendant completely withdrew from the Fund and the amount of withdrawal liability assessed against Defendant has expired;

3

WHEREAS, the withdrawal liability assessed against Defendant in the amount of $438,669.85 is final and binding upon Defendant; it is

ORDERED, ADJUDGED, AND DECREED that judgment in the amount of $438,669.85, is entered in favor of PLAINTIFF ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION PENSION FUND, and against DEFENDANT RODAR ENTERPRISES, INC.; and it is further

ORDERED, that, within thirty days of the entry of this Order, Defendant shall pay to Plaintiff the total amount of $71,784.90, by certified check or money order made payable to "Local 445 Construction Division Pension Fund" and delivered to William F. Frumkin, Esq., Sapir & Frumkin LLP, 399 Knollwood Road, Suite 310, White Plains, New York 10603, calculated as follows:

1.   $49,623.00 - principal amount of past due withdrawal liability owed for the periods from December 15, 2006 to January 22, 2008;

2.   $2,293.00 - interest incurred on the principal owed, calculated as follows:

   a.   $856.91, representing interest on the delinquent December 15, 2006 payment of $9,924.60 at the rate of 7.97% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2);

   b.   $666.60, representing interest on the delinquent March 15, 2007 payment of $9,924.60 at the rate of 8.06% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2);

  c..  $453.89, representing interest on the delinquent June 15, 2007 payment of $9,924.60 at the rate of 7.84% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2);

  d.  $258.70, representing interest on the delinquent September 15, 2007 payment of $9,924.60 at the rate of 7.82% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2); and

  e.  $56.90, representing interest on the delinquent December 15, 2007 payment of $9,924.60 at the rate of 6.88% interest, calculated at the federal short term rate in existence at the time of the delinquency plus three (3) percentage points, in accordance with 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621(a)(2).

 3.  $9,924.60 - liquidated damages in the amount of 20% of the principal amount owed;

 4.  $9,430.00 - reasonable attorney's fees from August 1, 2007 to the date of filing of the fee application; and

 5.  $514.30 - the costs of this action, to date;

for a total amount of $71,784.90; and, it is further

ORDERED, that Defendant shall remain current with the Schedule of Withdrawal Liability Payments provided to Defendant on October 23, 2006. In accordance with the Schedule, Defendant will resume payments beginning with the March 15, 2008 payment in the amount of $9,924.60; and it is further

ORDERED, that the judgment rendered by this Court on this day in favor of PLAINTIFF ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION PENSION FUND, be entered as a final judgment against DEFENDANT RODAR ENTERPRISES, INC. and the Clerk of this Court is directed to enter the judgment directly. *The Clerk of Court shall terminate all matters pending as of 2/28/08 as moot, and close the case —*

Dated: *White Plains, N.Y.*
*February 28, 2008*     SO ORDERED:

_____     _____*Charles Brieant*_____
                                      The Honorable Charles L. Brieant, U.S.D.J.

F:\APPLICAT\WP\TEAMSTER\Rodar Enterprises\Litigation\Motion for Attorney's Fees\Order.wpd\rlh